FILED

Jan 16   11 00 AM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK FOX, ADMINISTRATOR FOR | : | CIVIL ACTION NO. |
| THE ESTATE OF FALAN FOX | : | 3:02 CV1202 (GLG) |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| RICKY SMOLICZ, SHELLEY NARDOZZI, | : | |
| DENNIS CLISHMAN, BOROUGH OF | : | |
| NAUGATUCK, KAESTLE-BOOS ASSOCIATES, | : | |
| INC., RYAN IRON WORKS, INC. AND | : | |
| GUNNOUD CONSTRUCTION CO., INC. | : | |
| | : | |
| Defendants. | : | |
| | : | JANUARY 15, 2004 |

## MOTION FOR PROTECTIVE ORDER

Pursuant to the Rules of Federal Procedure and in conjunction with the December 15, 2003

conference with the Honorable Magistrate Fitzsimmons, the defendant, The Borough of Naugatuck

(hereinafter, "The Borough"), hereby respectfully seeks a protective order with regard to certain

discovery. The defendant seeks a protective order as discussed at the aforementioned conference

and for the reasons outlined below.

**I.      STATEMENT OF PROCEEDINGS**

This action was brought by the plaintiff, Mark Fox, Administrator of the Estate of Falan

Fox, for an incident involving the decedent, Falan Fox, on July 22, 2000.   In his Amended

Complaint, the plaintiff has alleged that the decedent died while in custody at the Naugatuck Police Station. More particularly, the plaintiff has made several claims against The Borough as well as the individual defendants, Ricky Smolicz, Shelley Nardozzi and Dennis Clisham. Claims of negligence have also been asserted against Kaestle-Boos Associates, Inc., Ryan Iron Works, Inc. and Gunnoud Construction Co., Inc., each of whom was involved in the construction of the subject cell.

## II.     STATEMENT OF FACTS

The parties have filed written discovery upon one another at this point. Objections were made to several of the discovery requests, some of which were resolved at the December 15, 2003 conference. However, certain objections remain outstanding and are the subject of this protective order.

## III.    ISSUES

### A.     Internal Affairs Investigation.

This matter stems from the suicide of the plaintiff's decedent, Falan Fox. Following the suicide, The Borough undertook an administrative inquiry into the incident. On or about September 28, 2000, an Investigative Report – Internal Affairs ("IA") was completed.[1]

The IA report was requested in discovery and duly objected to by the defendant. In particular, the IA report contains information that relates to the internal affairs of the police

department and personnel matters.[2] It also includes information obtained from third parties, some of whom are juveniles and/or have been accused of crimes.

The initial issue is one of relevance. The internal affairs investigation as it pertains to personnel matters and internal affairs of the police department are not relevant to this action. Indeed, the wholesale production of such investigations would have a chilling effect on them.

Additionally, personnel issues are generally exempt from public disclosure. Section 1-210(2) of the Connecticut General Statutes, part of Connecticut's Freedom of Information Act ("FOIA"), states that "[p]ersonal or medical files and similar files the disclosure of which would constitute an invasion of personal privacy are exempt from public disclosure". In Connecticut Alcohol & Drug Abuse Commission v. FOIC, 233 Conn. 28, 40, 657 A.2d 630 (1995), the Supreme Court of Connecticut articulated when a file is "similar in nature" to a personnel or medical file.

> "We conclude that such a determination requires a functional review of the documents at issue. Just as a 'medical' file of an individual has as one of its principal purposes the furnishing of information for making medical decisions regarding that individual, a 'personnel' file has as one of its principal purposes the furnishing of information for making personnel decisions regarding the individual involved. If a document or file contains material, therefore, that under ordinary circumstances would be pertinent to traditional personnel decisions, it is 'similar' to a personnel file. Thus, a file containing information that would, under ordinary circumstances, be used in deciding whether an individual should, for example, be promoted, demoted, given a raise,

---

[1] As discussed at the preliminary conference and at the request of the Magistrate, counsel will make the index to the IA available under seal for an in-camera inspection along with the underlying materials if necessary.

[2] A publicly redacted copy of the report was made available.

> transferred, reassigned, dismissed or subject to other such traditional personnel actions, should be considered 'similar' to a personnel file for the purposes of §1-19(b)(2)."

Id. at 40-41.

In Connecticut Alcohol, the Supreme Court addressed whether an investigative file of a sexual harassment complaint among co-workers was tantamount to an employee file. It found that "[w]hile reports of incidents occurring in the workplace are not 'personnel files' per se, they may be similar to personnel files in that they may contain information that would ordinarily be considered in making personnel decisions, regarding the individuals involved." Id. at 42. The Court conducted an in-camera inspection and concluded that "[n]ot only did the investigation concern issues that had the potential for the dismissal of the accused employee, the investigation file also contains a good deal of information that would be directly relevant to traditional personnel decisions ...". Id. Thus, the Court determined that the investigative file was found to be similar to a personnel file. See also Almeida v. Freedom of Information Commission, 39 Conn. App. 154, 664 A.2d 322 (1995). Cf. Department of Public Safety, Division of State Police v. Freedom of Information Commission, 242 Conn. 79, 698 A.2d 803 (1997) (case-by-case determination).

In DiPersia v. U.S. Railroad Retirement Board, 638 F.Supp. 485, 489 (D. Conn. 1986), the District Court of Connecticut likewise pointed out that the term "similar file" is to be construed broadly and encompasses information which applies to a particular individual. In accordance with

4

DiPersia and Almeida, an investigation containing information that would be relevant to personnel decisions is the equivalent of a personnel file, and therefore may not be subject to disclosure under the FOIA.

The IA report also contains information from others, including juveniles, those accused of crimes as well as third parties. Arrest records, for example, are governed by Section 1-215 of the Connecticut General Statutes, and juvenile records are governed by Sections 54-761 and 46b-124 of the Connecticut General Statutes.

Since the IA report concerns the internal affairs of the police department and personnel issues it should be the subject of an in-camera inspection to determine whether additional portions of the IA report, if any, are relevant and should be disclosed and/or redacted.

B.    **Prior Suicides or Suicide Attempts.**

A request has been made for all documents generated by The Borough relating to other prisoners' suicide attempts and/or actual suicides committed in the custody of The Borough at the facility where Falan Fox was incarcerated. While this request has been narrowed somewhat to those attempts and/or suicides prior to July 22, 2000, it nevertheless remains overly broad insofar as it should also be limited to the female cells. See, e.g., Black v. M&W Gear Co., 269 F.3d 1220, 1227 (10th Cir. 2001) (other accidents must be "substantially similar"). In addition, any information as

requested would require the disclosure of a record of a third party unassociated with this litigation who has been accused of a crime.

## IV.    CONCLUSION

**WHEREFORE,** for all the foregoing reasons, the defendant, The Borough of Naugatuck, hereby respectfully moves that the Court grant its Motion for Protective Order and restrict discovery as set forth herein.

RESPECTFULLY SUBMITTED
THE DEFENDANTS,
BOROUGH OF NAUGATUCK

By

Edward W. Mayer, Jr. #CT05055
Delaney, Zemetis, Donahue,
Durham & Noonan, P.C.
111 S. Main St., P.O. BOX 747
Wallingford, CT 06492
(203) 269-1441

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed or electronically delivered on January 15, 2004 to: Edward G. Fitzpatrick, Esq., Fitzpatrick & Mariano, 203 Church Street, Naugatuck, CT 06770; Peter D. Clark, Esq., 525 Bridgeport Avenue, Shelton, CT 06484; Scott Karsten, Esq., and Nicole D. Dorman, Esq., Sack, Spector & Karsten, 836 Farmington Avenue, West Hartford, CT 06119-1544; David Crotta, Esq., Mulvey, Oliver & Crotta, 83 Trumbull Street, New Haven, CT 06511; John T. Harris, Esq., Shipman & Goodwin, One American Row, Hartford, CT 06103-2819; and William P. Yelenak, Esq. & Garrett M. Moore, Esq., Moore, O'Brien, Jacques & Yelenak, 700 West Johnson Avenue, Suite 207, Cheshire, CT.

Edward W. Mayer, Jr.