FILED
Feb 25  2 54 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK FOX, Administrator of the ESTATE OF FALAN FOX | |
| VS. | CIVIL ACTION NO. 302CV01202 GLG |
| RICKY SMOLICZ, Individually and in his official capacity, SHELLEY NARDOZZI, Individually and in her official capacity; DENNIS CLISHAM, Individually and in his official capacity; and the BOROUGH OF NAUGATUCK | JANUARY 15, 2004 |

### MOTION FOR PROTECTIVE ORDER

The plaintiff in the above matter hereby moves for a protective order to specifically raise the objections to certain interrogatories purposed by the defendants Dennis Clisham and the Borough of Naugatuck.[1] Specifically, plaintiff moves for a protective order from the Court sustaining the objections made to the following interrogatories:

Interrogatory #5.   State whether the plaintiff, Mark Fox, received any psychological, psychiatric and/or other emotional or mental health treatment or counseling (including family counseling) during the ten (10) years prior to the

---

[1] This procedure was stipulated to for the purpose of having the court review and resolve the discovery objections.

date of these responses, and, if so, identify the name(s) and address(es) of all such treater(s), the nature of the conditions for which such treatment was received, and the date(s) of all such treatment.

OBJECTION: The psychological, psychiatric and/or emotional or mental health treatment or counseling of the plaintiff, who is a party by virtue of his status as administrator and is the father of the decedent is completely irrelevant and immaterial to the issues in this case and is not calculated to lead to the discovery of admissible evidence.

The plaintiff objects to this interrogatory because the plaintiff, Mark Fox, as administrator of the Estate of Falan Fox, is the party plaintiff in a representative capacity only. The plaintiff, Mark Fox, is not seeking damages for himself, nor has he put his psychological condition at issue in the case. The anticipated reason for such discovery is that Mark Fox is going to testify in the case, and therefore he should provide any psychological or psychiatric treatment for the past ten years. A person who testifies in a case, even if the parent of the decedent, does not waive all rights to the privacy of health records, especially the sensitive nature of psychiatric or psychological counseling records. Should the Court overrule this objection, the plaintiff will seek the same records from all of the Borough's witnesses and all of the police officers and civilian employees involved in the case.

2

Interrogatory #6.   State whether the mother of plaintiff's decedent, Christine Fox, received any psychological, psychiatric and/or other emotional or mental health treatment or counseling (including family counseling) in the ten (10) years prior to July 22, 2000 during which there was any discussion or mention whatsoever of plaintiff's decedent and, if so, state the name(s) and address(es) of all such treaters and the date(s) of all such treatment or counseling.

OBJECTION:   The psychological, psychiatric and/or emotional or mental health treatment or counseling of the plaintiff's decedent's mother is completely irrelevant and immaterial to the issues in this case and is not calculated to lead to the discovery of admissible evidence. In addition, the plaintiff's decedent's mother is not a party to this case.

The plaintiff reiterates the reason set forth above regarding interrogatory #5. The plaintiff acknowledges that interrogatory #6 is somewhat different in that it requests psychological or psychiatric records of the mother of the decedent only where there was a discussion or mention of Falan Fox. First, Christine Fox is not even a party to the case (even in a representative capacity) and therefore is not subject to discovery. Second, if the interrogatory was interpreted to mean whether the plaintiff, Mark Fox, has any *personal knowledge* of counseling sessions in which Christine Fox mentioned Falan Fox, that would assume Mark Fox was present during such counseling sessions. As such, this request again, has no bearing on the case as neither Mark Fox nor Christine Fox have put their psychological or psychiatric condition at issue in this case.

3

Interrogatory #10:    Please state the financial net worth of plaintiff Mark Fox for each of the five (5) years preceding the responses hereto, including all assets and liabilities joint or several.

OBJECTION:    The financial net worth of the plaintiff, who is a party by virtue of his status as administrator of and is the father of the decedent is completely immaterial and irrelevant to the issues in this case and is not calculated to lead to the discovery of admissible evidence.

It is inconceivable as to how the financial net worth of Mark Fox, the representative plaintiff in this case is at all relevant to the issues in this case. Mark Fox, as representative plaintiff of the Estate of Falan Fox, has not put his financial condition at issue in this case. The Borough of Naugatuck has claimed that his financial net worth is relevant on the issue of bias; however, any recovery in this case would not go to Mark Fox personally but would go to the Estate of Falan Fox which would be subject to the accounting and oversight by the Probate Court including for the distribution of funds. The fact that Mark Fox may be a potential beneficiary from the Estate of Falan Fox may be shown at trial on the issue of bias, but his personal financial net worth for the previous five years simply goes too far. Any specific debts and assets that Mark Fox may have had both prior to and after his daughter's death while in custody of the Borough of Naugatuck would never be relevant in the trial of the case. There would be no other information in the request by the defendant other than assets and liabilities.

4

Interrogatory #13:   Please state whether you and/or your spouse had any involvement prior to July 22, 2000 pertaining to the decedent with the Department of Children and Families ("DCF") or the equivalent agency of any other state and if so, please identify the date(s) of such involvement, the reason for the involvement by such agency, any recommendation(s) or requirement(s) by such agency and whether you and your decedent complied fully with any such recommendations or requirements.

OBJECTION:   The involvement of DCF prior to the decedent's death is wholly immaterial or irrelevant to the issues in this case. This case involves the conduct of the defendant and others in failing to prevent a custodial suicide. The conduct of the decedent prior to her being placed in custody is completely immaterial and irrelevant to any issue in this case. What may have led to the decedent being place in custody is not the point; the point is the care and supervision she was given by the defendant and others in the issue.

Plaintiff continues to believe that the involvement of DCF prior to the defendant's death is immaterial and irrelevant to the issue in the case. Moreover, Connecticut General Statutes § 17a-28 prohibit the disclosure of DCF records without the consent or authorization of the person, which is defined as the person who is subject to the DCF services or the parent or the authorized representative. See § 17a-28 which is attached. There is no provision that disclosure shall be made pursuant to a court order for the purposes of discovery in litigation that has nothing to do with the abuse or neglect of a child. Should the court order the plaintiff to disclose DCF records in his possession, the plaintiff

5

would request that the court provide an in camera inspection of such records to protect the privacy of the plaintiff's decedent regarding issues that are irrelevant to the issues in this case and to protect other persons' rights to privacy named in the records.

      Interrogatory #14:   Please describe fully the decedent's involvement with the criminal and/or juvenile court system, including, but not limited to, the date(s) and locations of any such involvement, the reason for such involvement, the charges brought, the disposition of all such charges, whether the decedent was placed in foster care or alternative housing out of your home at any time, the reason for such placements and the status of any such matters involving the decedent at the time of her death.

      OBJECTION:        See objection to #13 above.

Whether the decedent was involved in a criminal and/or juvenile court system prior to the incident and incarceration that lead to her death is totally irrelevant to the issues of whether the defendant's provided sufficient care and supervision to the decedent which in their custody when she died.

6

Request for Production #4: Please provide copies of all State and Federal Tax returns filed by plaintiff Mark Fox for the calendar years 1997 to present.

OBJECTION:    See objection to Interrogatory No. 10.

See the additional reasons provided with respect to Interrogatory No. 10.

Request for Production #6: Please provide any records in your possession or under your control which pertain to any involvement or contact with DCF relating to you, your spouse and the decedent, and execute the attached authorization permitting the release of such records.

OBJECTION:    See objection to Interrogatory No. 13. -

See additional reasons provided with respect to Interrogatory No. 13.

Request for Production #7: Please provide a copy of any records in your possession or under your control relating to the decedent's involvement in criminal and/or juvenile court matters, as identified in response to interrogatory No. 14.

OBJECTION:    See objection to Interrogatory No. 14.

See additional reasons provided with respect to Interrogatory No. 14.

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

THE PLAINTIFF,

By _____
      William P. Yelenak
      Fed. Bar #05491
For:  Moore, O'Brien, Jacques &
      Yelenak
      His Attorneys

8

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

## ORDER

The foregoing Motion, having been duly heard by the Court is hereby ORDERED as follows:

BY THE COURT

_____
JUDGE / CLERK

9

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on January 15, 2004 as follows:

Edward W. Mayer, Jr., Esq.,
Delaney, Zemetis, Donahue,
Durham & Noonan, P.C.
11 South Main Street
Wallingford, Connecticut, 06492

Edward G. Fitzpatrick, Esq.,
Fitzpatrick & Mariano
203 Church Street
Naugatuck, Connecticut 06770

Scott Karsten, Esq.
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119-1544

John T. Harris, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

David J. Crotta, Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, CT 06511

Scott D. Camassar, Esq.
Gordon, Muir & Foley
Ten Columbus Blvd.
Hartford, CT 06106-5123

Peter Clark, Esquire
Law Offices of Peter Clark
525 Bridgeport Avenue
Shelton, CT 06484

By_____
William P. Yelenak

**MOORE, O'BRIEN, JACQUES & YELENAK** • *ATTORNEYS AT LAW*
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519