UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK FOX, ADMINISTRATOR FOR : | CIVIL ACTION NO. |
| THE ESTATE OF FALAN FOX : | 3:02 CV1202 (GLG) |
| : | |
| Plaintiff : | |
| v. : | |
| : | |
| RICKY SMOLICZ, SHELLEY NARDOZZI, : | |
| DENNIS CLISHMAN, BOROUGH OF : | |
| NAUGATUCK, KAESTLE-BOOS ASSOCIATES, : | |
| INC., RYAN IRON WORKS, INC. AND : | |
| GUNNOUD CONSTRUCTION CO., INC. : | |
| : | |
| Defendants. : | |
| : | FEBRUARY 6, 2004 |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR PROTECTIVE ORDER

The defendants, The Borough of Naugatuck and Dennis Clisham, hereby respectfully object to the Motion for Protective Order filed on behalf of the plaintiff to certain discovery requested by these defendants.

This case stems from a July 22, 2000 incident involving the plaintiff's decedent, Falan Fox, while at the Naugatuck Police Station. The plaintiff, Mark Fox, brought this action on behalf of the Estate of Falan Fox. As a result of the incident, the plaintiff seeks various damages.

The requested information is relevant to this action initiated by the plaintiff. It is axiomatic that the scope of discovery is meant to be broad, and Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "the court may order discovery of any matter relevant to the subject matter involved in the action." In the context of discovery, a plaintiff cannot place a condition in issue -- such as a medical or psychiatric condition -- without waiving any applicable privilege that may apply. See, e.g., Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000).

In the present case, this plaintiff is seeking damages for grievous bodily harm, pain and suffering, and loss of her life. The requested information sought in discovery is relevant based on those claims alone. It is also relevant because the plaintiff claims a suicidal condition, yet the plaintiff and the decedent apparently failed to advise the defendants of it.

The defendants have requested the records involving the decedent from the Department of Children and Families ("DCF"). There is no question that those records are relevant to the claims asserted in this case, and will at a minimum likely lead to the discovery of admissible evidence.

The DCF records will contain information relevant to the decedent's background as well as that of her family life. The plaintiff has placed the decedent's

background at issue based upon the circumstances involving the incident itself, purported loss of life's enjoyment and activities, loss of earnings and claimed loss of services around the family home.

Contrary to the plaintiff's argument, Section 17a-28 of the Connecticut General Statutes does not bar the disclosure of DCF records. In fact, Section 17a-28 permits DCF to release records to an "authorized representative", which includes a parent.

The plaintiff has already consented to the release of these records and has agreed to provide them to the Court for an in-camera inspection as discussed among the parties and Court at the December, 2003 discovery conference. The issue at hand is therefore limited to whether the records are relevant or likely to lead to the discovery of admissible evidence.

In this case, the plaintiff's objection to the production of DCF records would violate the fundamental due process rights of the defendants. The Federal and State Constitution contain the same due process provisions and are given similar effect. Violissi v. City of Middletown, 990 F.Supp. 93, 40 Fed. R. Serv. 3d 689 (D. Conn., January 12, 1998). "A fundamental premise of due process is that a court cannot adjudicate any matter unless the parties are given a reasonable opportunity to be heard on the issues involved and to present evidence and cross-examine adverse witnesses".

Bloom v. Zoning Board of Appeals, 233 Conn. 198, 205, 658 A.2d 559, Conn., May 16, 1995 (citations omitted). "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses". Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 Conn., May 3, 1983 (citation and internal quotations omitted). The corollary principle in criminal law is the right of confrontation. Because the plaintiff stands in the shoes of the decedent, her dealings with DCF, including any admissions, are relevant to the defendants' ability to confront and cross-examine her representative.

      Just as with the DCF records, the remainder of discovery sought from the plaintiff is also relevant or otherwise likely to lead to the admissible discovery of evidence. The psychological and/or psychiatric and counseling records of the plaintiff, Mr. Fox, as well as the counseling of Mrs. Fox wherein the plaintiff's decedent is discussed is relevant on their knowledge of the conditions of their daughter, her state of mind, and the overall family life for which damages are sought on behalf of the decedent. Similarly, the decedent's criminal and/or juvenile court records are likewise relevant for several reasons, including, but not limited to, her lifestyle and probable earnings.

All of the interrogatories and documents requested are relevant to the subject matter of this litigation. Accordingly, these defendants respectfully object to the protective order sought by the plaintiff and request the Court compel the plaintiff to answer the discovery.

                      **RESPECTFULLY SUBMITTED**
                      **THE DEFENDANTS,**
                      **The Borough of Naugatuck and**
                      **Dennis Clisham**

**By**_____
    **Edward W. Mayer, Jr. #CT05055**
    **Delaney, Zemetis, Donahue,**
    **Durham & Noonan, P.C.**
    **111 S. Main St., P.O. BOX 747**
    **Wallingford, CT 06492**
    **(203) 269-1441**

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage pre-paid, or electronically delivered on this 6th day of February, 2004 to: Edward G. Fitzpatrick, Esq., Fitzpatrick & Mariano, 203 Church Street, Naugatuck, CT 06770; Peter D. Clark, Esq., 525 Bridgeport Avenue, Shelton, CT 06484; Scott Karsten, Esq., Sack, Spector & Karsten, 836 Farmington Avenue, West Hartford, CT 06119-1544; and, Nicole D. Dorman, Sack, Spector & Karsten, 836 Farmington Avenue, West Hartford, CT 06119-1544; Kenneth G. Williams, Gordon, Muir and Foley, LLP, Hartford Square North, Ten Columbus Boulevard, Hartford, CT, 06106-5123; David Crotta, Esq., Mulvey, Oliver, Gould & Crotta, 83 Trumbull Street, New Haven, CT 065ll;  John T. Harris, Esq., Shipman & Goodwin, One American Row, Hartford, CT 06103-2819; and William P. Yelenak, Esq. and Garrett M. Moore, Esq., Moore, O'Brien, Jacques & Yelenak, 700 West Johnson Avenue, Suite 207, Cheshire, CT.

                              **Edward W. Mayer, Jr.**