UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK FOX, ADMINISTRATOR FOR THE ESTATE OF FALAN FOX | CIVIL ACTION NO. 3:02 CV1202 (GLG) |
| Plaintiff | |
| v. | |
| RICKY SMOLICZ, SHELLEY NARDOZZI, DENNIS CLISHMAN, BOROUGH OF NAUGATUCK, KAESTLE-BOOS ASSOCIATES, INC., RYAN IRON WORKS, INC. AND GUNNOUD CONSTRUCTION CO., INC. | |
| Defendants. | DECEMBER 15, 2003 |

### JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
### RE: PRODUCTION OF DOCUMENTS

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties in the above matter jointly request the Court enter this stipulated protective order regarding the confidentiality of documents designated as such by the parties in this action.

**NOW, THEREFORE** upon good cause shown **IT IS HEREBY ORDERED:**

1. Documents to be produced or otherwise made available by one or more parties during discovery in this litigation may contain certain confidential information. These documents

are hereafter referred to as "Protected Documents". Except as otherwise indicated, all documents that have been designated as "Confidential" that are produced by a party to another party or parties to this litigation, their attorneys, consultants, agents, and/or experts in this action shall be Protected Documents and given confidential treatment as further described below.

2. Documents produced or made available by a party in response to discovery requests, Court order or otherwise, will either be copied at the expense of the party or parties to which such documents are produced. Prior to, simultaneously or shortly after the delivery of copies, the party making production will designate which of the documents are considered Confidential and, therefore, Protected Documents. Such designation will be made by identifying or marking the documents themselves. However, such marking shall be applied in such manner as not to obscure any portion of the document itself and otherwise preserve the legibility of the document.

3. If a party contends that any document has erroneously been designated as a Protected Document, it shall nevertheless treat the document as a Protected Document unless and until it either:

    (a) obtains the producing party's written permission otherwise; or

    (b) obtains an order of the court finding the document is not a Protected Document.

4. Protected Documents or any material(s) contained therein shall not be used, shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever other than as required for the preparation, settlement, and/or trial of this action. Except as provided in the paragraph below, the parties shall keep all Protected Documents and the materials contained therein confidential from all persons.

5. Except with the prior written consent of the producing party, or upon further order of the Court, the parties shall show or disclose the contents of Protected Documents only to the following persons (hereinafter referred to as "Qualified Persons"):

 (a) To the individually-named parties and/or an employee of a corporate party;

 (b) Counsel of record in this action and attorneys within the firms of said counsel;

 (c) Employees of the counsel of record assisting in the preparation and/or trial of this case;

 (d) Independent experts and consultants retained by counsel of record whose assistance is necessary for the preparation for or of trial of this specific action;

 (e) The Court or any parajudicial officers; or

 (f) Any mediators and/or arbitrators the parties may retain in this matter.

6. Before providing access to any Protected Document, each Qualified Person to whom a party or their representatives intend to deliver, exhibit or disclose any protected documents or material contained therein shall be advised of the terms of this order, shall be given a copy of this order, and shall agree to be bound by his terms. Any copies of Protected Documents distributed to a Qualified Person shall be returned to counsel after the completion of the Qualified Person's consultation or representation in this case.

7. To the extent that any Protected Document or information obtained therefrom is used in the taking of depositions, such document or information shall remain subject to the provisions of this order. At any time any protected document is used in any deposition, the reporter will be informed of this stipulation and order and will be required to operate in a manner consistent with the stipulation and order.

8. All documents filed with the Court that contain any portion of the Protected Document or information taken from any protected document shall be filed under seal. The procedure for these sealed documents at trial will be developed among counsel and the Court at the appropriate time.

9. Promptly after the conclusion of this action (including the final disposition of any appeals), all Protected Documents, or copies thereof, and all excerpts therefrom shall be returned to

counsel for the producing party or destroyed with counsel providing written certification of such destruction or return of materials to the producing party's counsel.

10. Any party shall have the right to challenge any designation of confidentiality by seeking an order of the Court with respect to any confidential matter and no inference shall be drawn from the fact that the document previously was designated as confidential pursuant to this order. Before any party seeks relief from the Court under this paragraph, the parties will make a good faith effort to resolve any dispute concerning the confidential treatment of any document among themselves.

11. Provisions of this order shall also apply to non-party witnesses. In that regard, in the event counsel for any party deems such production to contain confidential material, it shall be produced, but identified as confidential.

**IT IS SO ORDERED** on this /5 day of March, ~~2003~~. 2004, at Bridgeport.

_/s/ [signature]_ USDJ

EDWARD G. FITZPATRICK

WILLIAM YELENAK

PETER D. CLARK

5

_____
TIMOTHY W. DONAHUE

_____
EDWARD W. MAYER, JR.

_____
SCOTT KARSTEN

_____
NICOLE D. DORMAN

_____
KENNETH G. WILLIAMS SCOTT D. CAMASSAR

_____
DAVID CROTTA

_____
JOHN T. HARRIS

6