UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| MARK FOX, ADMINISTRATOR FOR : | CIVIL ACTION NO. |
| THE ESTATE OF F.F. : | 3:02 CV1202 (GLG) |
| : | |
| Plaintiff : | |
| v. : | |
| : | |
| RICKY SMOLICZ, SHELLEY NARDOZZI, : | |
| DENNIS CLISHAM, BOROUGH OF : | |
| NAUGATUCK, KAESTLE-BOOS ASSOCIATES, : | |
| INC., RYAN IRON WORKS, INC. AND : | |
| GUNNOUD CONSTRUCTION CO., INC. : | |
| : | |
| Defendants. : | |
| _____ : | APRIL 23, 2004 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DENNIS CLISHAM AND THE BOROUGH OF NAUGATUCK**
<u>**TO PLAINTIFF'S AMENDED COMPLAINT**</u>

<u>**FIRST COUNT**</u> **(As to defendant Dennis Clisham)**

1.   The defendant admits so much of Paragraph 1 of the First Count of the Amended Complaint wherein it indicates that this action has been brought by the Plaintiff, Administrator of F. F.'s Estate, for money

damages.  The remaining allegations of said Paragraph are denied.

2.   As to the allegations contained in Paragraph 2 of the First Count of the Amended Complaint, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

3.   This defendant admits so much of Paragraph 3 of the First Count of the Amended Complaint wherein it indicates that "Falan died at the Naugatuck Police Station on July 22, 2000" and that "[t]he Probate Court for the District of Naugatuck appointed the Plaintiff, Mark Fox, as the Administrator of the Estate of F. F.".  As to the remaining allegations in said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

4.   This defendant admits so much of Paragraph 4 of the First Count of the Amended Complaint wherein it

indicates that the defendant, Ricky Smolicz, was a duly appointed officer of the Police Department of The Borough of Naugatuck.  As to the remaining allegations in said Paragraph that alleges that "[h]e is sued in both is individual and official capacities" the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof. As to the remainder of this Paragraph, it is denied as pled.

    5.  This defendant admits so much of Paragraph 5 of the First Count of the Amended Complaint wherein it indicates that the defendant, Shelley Nardozzi, was a duly appointed employee of The Borough of Naugatuck as a police dispatcher. As to the allegations in said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

    6.  This defendant admits so much of Paragraph 6 of the First Count of the Amended Complaint wherein it

indicates that he was the Chief of Police for The Borough of Naugatuck. As to the allegation that "[h]e is sued in both his official and individual capacities", the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof. The remaining allegations in said Paragraph are denied as pled.

7. With respect to this defendant, he admits so much of Paragraph 7 of the Amended Complaint in that he was acting in his capacity as the Chief of Police. As to the remaining allegations in said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

8. As to that portion of Paragraph 8 of the First Count of the Amended Complaint which alleges "having the power to sue and be sued", the defendant lacks sufficient knowledge or information upon which to form a belief and,

therefore, leaves the plaintiff to his proof. The remaining allegations in said Paragraph are admitted.

9. This defendant admits so much of Paragraph 9 of the First Count of the Amended Complaint wherein it indicates that the defendants were employees of The Borough of Naugatuck and that this defendant, Dennis Clisham, was acting within the scope of his employment. As to the remaining allegations in said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

10-14. Paragraphs 10 through 14 of the First Count of the Amended Complaint are denied.

**SECOND COUNT** (As to defendant Dennis Clisham)

1. This defendant admits so much of Paragraph 1 of the Second Count of the Amended Complaint wherein it indicates that "[o]n July 31, 2000, the Probate Court for the District of Naugatuck appointed Mark Fox as the Administrator of the Estate of F. F." As to the remaining

allegations of said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

2.   This defendant admits so much of Paragraph 2 of the Second Count of the Amended Complaint wherein it indicates that "Falan died at the Naugatuck Police Station on July 22, 2000." As to the remaining allegations of said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

3.   This defendant admits so much of Paragraph 3 of the Second Count of the Amended Complaint wherein it indicates that the defendant, Sergeant Ricky Smolicz, was a duly appointed officer of the Police Department of The Borough of Naugatuck. The remaining allegations in said Paragraph are denied as pled.

4.   This defendant admits so much of Paragraph 4 of the Second Count of the Amended Complaint wherein it indicates that the defendant, Dispatcher Shelley Nardozzi,

was a duly appointed employee of The Borough of Naugatuck. As to the remaining allegations of said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to his proof.

5.   This defendant admits so much of Paragraph 5 of the Second Count of the Amended Complaint wherein it indicates that he was the Chief of Police for The Borough of Naugatuck. The remaining allegations in said Paragraph are denied as pled.

6.   This defendant admits so much of Paragraph 6 of the Second Count of the Amended Complaint wherein it indicates that he was the Chief of Police for The Borough of Naugatuck. As to the remaining allegations of said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

7.   As to that portion of Paragraph 7 of the Second Count of the Amended Complaint which alleges "having the

power to sue and be sued", the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof. The remaining allegations in said Paragraph are admitted.

    8. This defendant admits so much of Paragraph 8 of the Second Count of the Amended Complaint wherein it indicates that the defendants were employees of The Borough of Naugatuck. As to the remaining allegations in said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

    9. This defendant admits so much of Paragraph 9 of the Second Count of the Amended Complaint wherein it indicates that on July 21, 2000, F. F. was arrested in connection with a robbery and transported to Naugatuck Police Department. As to the remaining allegations of said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to his proof.

10. This defendant admits so much of Paragraph 10 of the Second Count of the Amended Complaint to the extent it indicates that F. F. was a female prisoner, there are cameras that monitor the cell for the dispatch area, and that images are made to a dispatcher. As to the remaining allegations of said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

11. As to Paragraph 11 of the Second Count of the Amended Complaint, this defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the claim that she remained "under the supervision and control of the Defendants". The remaining allegations in said Paragraph are admitted.

12. This defendant admits so much of Paragraph 12 of the Second Count of the Amended Complaint wherein it indicates that there are three monitors and television set. The remaining allegations in said Paragraph are denied.

13. The Second Count of the Amended Complaint calls for a legal conclusion and this defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

14-15. This defendant admits so much of Paragraphs 14 and 15 of the Amended Complaint insofar as there are policies regarding the monitoring and checking prisoners. As to the remaining allegations of said Paragraphs, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

16-23. As to the allegations contained in Paragraphs 16 through 23 of the Second Count on the Amended Complaint, this defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

24. This defendant admits so much of Paragraph 24 of the Second Count of the Amended Complaint wherein it indicates Ms. F. was discovered in her cell. As to the

remaining allegations of said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

25. As to the allegations contained in Paragraph 24 of the Second Count of the Amended Complaint, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

26. As to the allegations combined in Paragraph 20 of the Second Count of the Amended Complaint, this defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

27-32. The defendant denies Paragraphs 27 through 32 of the Second Count of the Amended Complaint.

33. As to that portion of the Paragraph 33 of the Second Count of the Amended Complaint which alleges "this Court has pendent jurisdiction to hear and adjudicate these

claims", the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof. The remaining allegations of said Paragraph are denied.

34. That portion of Paragraph 33 of the Second Count of the Complaint which alleges, "[n]otice is attached hereto as Exhibit A", is admitted. As to the remaining allegations in said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

**THIRD COUNT** **(As to defendant Borough of Naugatuck)**

1-34. The answers to Paragraphs 1 through 34 of the Second Count of the Amended Complaint are hereby incorporated and made the answers to Paragraphs 1 through 34 of the Third Count.

35. As to that portion of Paragraph 35 of the Third Count of the Amended Complaint which states that "this Court has pendent jurisdiction to hear and adjudicate these claims", the defendant lacks sufficient knowledge or

information upon which to form a belief and, therefore, leaves the plaintiff to his proof. The remaining allegations in said Paragraph are denied.

36. So much of Paragraph 36 of the Third Count of the Amended Complaint which states, "notice is attached hereto as Exhibit A", is admitted. As to the remaining allegations in said Paragraph, the defendant lacks sufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

**FOURTH COUNT (As to defendant Borough of Naugatuck)**

The defendant does not respond to the Fourth Count as it has been dismissed by this Court.

**FIFTH COUNT** (As to the defendants Dennis Clisham and

Borough of Naugatuck)

1-14.  The answers to Paragraphs 1 through 14 of the First Count of the Amended Complaint are hereby incorporated and made the answers to Paragraphs 1 through 14 of the Fifth Count.

15.  Paragraphs 15 through 19 of the Fifth Count of the Amended Complaint are denied.

**SIXTH COUNT**

These defendants do not respond as this Count is not directed to these defendants.

**SEVENTH COUNT**

These defendants do not respond as this Count is not directed to these defendants.

**EIGHTH COUNT**

These defendants do not respond as this Count is not directed to these defendants.

**FIRST AFFIRMATIVE DEFENSE**

The First Count fails to state a cause of action for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Second Count fails to state a cause of action for which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

The Third Count fails to state a cause of action for which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

The actions and conduct of these defendants were objectively reasonable under the circumstances and are protected by the rules of qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**

These defendants are entitled to governmental immunity in that the conduct complained of was made in good faith, without malice, and in the discretionary performance of governmental duties.

### SIXTH AFFIRMATIVE DEFENSE

The deliberate, intentional actions of the plaintiff's decedent acted as an intervening, superseding cause of her death.

### SEVENTH SPECIAL DEFENSE

Any injuries, losses or damages which the plaintiff claims to have suffered as a result of this incident were directly and proximately caused by the plaintiff-decedent's own negligence, reckless and/or willful conduct which should, therefore, bar these claims.

### JURY TRIAL

The defendants seek a jury trial.

          **RESPECTFULLY SUBMITTED**
          **THE DEFENDANTS,**
          **BOROUGH OF NAUGATUCK AND**
          **DENNIS CLISHAM**

          **By/s/ Edward W. Mayer, Jr.**
            **Timothy W. Donahue, #CT04339**
            **Edward W. Mayer, Jr. #CT05055**
            **Delaney, Zemetis, Donahue,**
            **Durham & Noonan, P.C.**
            **111 S. Main Street**
            **P.O. Box 747**
            **Wallingford, CT  06492**
            **(203) 269-1441**

## C E R T I F I C A T I O N

This is to certify that a copy of the foregoing has been mailed, postage pre-paid, or electronically delivered on this 23rd day of April, 2004 to: Edward G. Fitzpatrick, Esq., Fitzpatrick & Mariano, 203 Church Street, Naugatuck, CT  06770; Peter D. Clark, Esq., 525 Bridgeport Avenue, Shelton, CT  06484; Scott Karsten, Esq., Sack, Spector & Karsten, 836 Farmington Avenue, West Hartford, CT  06119-1544; and, Nicole D. Dorman, Sack, Spector & Karsten, 836 Farmington Avenue, West Hartford, CT 06119-1544; Kenneth

G. Williams, Gordon, Muir and Foley, LLP, Hartford Square North, Ten Columbus Boulevard, Hartford, CT, 06106-5123; David Crotta, Esq., Mulvey, Oliver, Gould & Crotta, 83 Trumbull Street, New Haven, CT  06511;  John T. Harris, Esq., Shipman & Goodwin, One American Row, Hartford, CT 06103-2819; and William P. Yelenak, Esq. and Garrett M. Moore, Esq., Moore, O'Brien, Jacques & Yelenak, 700 West Johnson Avenue, Suite 207, Cheshire, CT.

        **/s/ Edward W. Mayer, Jr.**
        **Timothy W. Donahue**
        **Edward W. Mayer, Jr.**