```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                           :
MARK FOX, ADMINISTRATOR of                 :
THE ESTATE OF FALAN FOX                    :
                                           :
v.                                         :   CIV. NO. 3:02CV1202 (GLG)
                                           :
RICKY SMOLICZ, ET AL                       :
                                           :
                                           :
```

RULING ON MOTIONS FOR PROTECTIVE ORDER and MOTION TO COMPEL

This action, brought by Mark Fox, Administrator of the Estate of Falan Fox, arises from the suicide of Falan Fox while in custody at the Naugatuck Police Department on July 22, 2000. Plaintiff alleges several claims against The Borough of Naugatuck (the "Borough"), as well as individual defendants, Ricky Smolicz, Shelly Nardozzi and Dennis Clisham. Plaintiff also alleges that Kaestle-Boos Associates, Inc. (KBA), Ryan Iron Works, Inc. and Gunnoud Construction Co., Inc., were negligent in the construction of the cell that housed Falan Fox.

A discovery conference was held on March 15, 2004, to address the pending Motions for Protective Order **[Doc. ##104, 105, 106, 109]** and KBA's Motion to Compel **[undocketed]**.

Borough of Naugatuck's Motion for Protective Order **[Doc. #104]**

A.  Internal Affairs Investigation

Following Ms. Fox's death, the Borough undertook an administrative inquiry into the circumstances. On or about September 28, 2000, an Investigative Report-Internal Affairs ("IA") was completed. The IA report and underlying materials were submitted to the Court for in camera review. The Court has reviewed the documents submitted in camera and it is HEREBY ORDERED that the a copy of the unredacted IA report, index and exhibits be produced.

This production is subject to the parties' confidentiality agreement and will be made within ten (10) days. D. Conn. L. Civ. R. 37(a)(5).

B.  Prior Suicides or Suicide Attempts

KBA seeks "all documents generated by the Borough relating to other prisoners' suicide attempts and/or actual suicides committed in the custody of The Borough at the facility where Falan Fox was incarcerated." The request was narrowed to "attempts and/or suicides prior to July 22, 2000." The Court finds this narrowed request appropriate.

Accordingly, the Borough will produce all documents generated by the Borough relating to suicide attempts and/or actual suicides prior to July 22, 2000 by other prisoners in the custody of The Borough at the facility where Falan Fox was incarcerated.

This production is subject to the parties' confidentiality agreement and will be made within ten (10) days.  D. Conn. L. Civ. R. 37(a)(5).

Motion for Protective Order Re:
Personnel File of Shelley Nardozzi **[Doc. #105]**

Shelley Nardozzi seeks a protective order in connection with the request to the Borough for production of her personnel file. Nardozzi agrees to provide documents from her personnel file relative to her training and certification as a dispatcher, her Naugatuck Police Department Dispatcher Evaluation Reports, and related documents.

Nardozzi seeks a protective order to the following documents,

1. Personnel requests and original application for employment dated in 1996;

2. Various internal documents dated in 1997 which relate to personnel disputes between dispatchers, available employment and request to take college courses;

3. Various memoranda related to issues concerning dispatcher job and shifts to be worked in 1998;

4. Log of sick, personal and vacation time in 1997, 1998, 1999, 2000, 2001 and 2002; and

5. Various documents and other memoranda in 2001, 2002, and 2003 relative to training, personnel matters, and incidents with which the defendant Nardozzi acted as dispatcher. Nardozzi objects to the disclosure of these materials.

[Doc. #105 at 1-2].

KBA does not press its claim to categories 1, 2 and 3. As to category 4, the log of sick, personal and vacation time, KBA does

not claim these documents except any document pertaining to the events of July 2000.  The Court has carefully reviewed in camera Nardozzi's leave record for 2000 with KBA's concerns in mind and grants Nardozzi's motion for protective order.

As to category 5, KBA seeks only information concerning incidents in 2001, 2002 or 2003 which are similar to the pending claims. The category 5 documents were submitted to the Court for in camera review. The Court has carefully reviewed in camera Nardozzi's 2001, 2002, 1997-1999  Accumulated Time Records; 1996 Personnel Request for a full-time position; 1997 personnel records; 1998 bid for Fill-Inn dispatcher job for the first and second shift; History Report dated November 17, 1999; Departmental Message dated January 11, 2000; 2003 public safety telecommunicator certification documents; and various 2002 personnel documents with KBA's concerns in mind and grants plaintiff's motion for protective order.

The Borough will produce the documents previously designated by Nardozzi's counsel.  This production is subject to the parties' confidentiality agreement and will be made within ten (10) days.  D. Conn. L. Civ. R. 37(a)(5).

Motion for Protective Order Re:
Personnel File of Rick Smolicz **[Doc. #106]**

Rick Smolicz seeks a protective order in connection with the request to the Borough for production of his personnel file.

Smolicz seeks a protective order as to the following

documents:

    1.    Personal and privileged information relating to his medical and psychological condition at the time, including medical records, psychiatric records, evaluations and assessments.

    2.    Information, including records, relating to disciplinary matters (if any) regarding any conduct not substantially similar to that in issue in this case or as to which there was no final determination of culpability.

    3.    Other claims, lawsuits, or internal departmental proceedings not involving the incident which is the subject matter of this litigation, and not involving conduct substantially similar to that alleged in this case.

    4.    Training records other than those related to policies, procedures and practices that are relevant to the subject matter of this lawsuit.

    5.    Records and other material otherwise protected from disclosure under any provision of Federal or Connecticut law, statute or regulation.

[Doc. #106 at 1-2].

KBA seeks discovery of information that pertains specifically to the July 2000 incident and/or conditions "at or immediately after the July 2000 incident." KBA seeks _in camera_ review of Smolicz's file for a determination of relevant documents and matters "substantially similar."

The Court inspected a binder of documents designated by Smolicz' counsel for _in camera_ review. The Court has considered Smolicz's counsel objection to disclosure of the three consecutive pages labeled "Municipal Registry Transcript," "Addendum [A]," and "Addendum [B]" dated October 1989, [Karsten let. 4/14/04], and finds on the current record that these documents are not subject to disclosure.

The Borough will produce the documents previously designated by Smolicz's counsel.  This production is subject to the parties' confidentiality agreement and will be made within ten (10) days. D. Conn. L. Civ. R. 37(a)(5).

Plaintiff's Motion for Protective Order **[Doc. #109]**

Plaintiff's Motion for Protective Order **[Doc. #109]** is **DENIED** in part as **MOOT** by agreement.

With regard to the disclosure of Department of Children and Families (DCF) records, the Court has considered plaintiff's concerns and finds his objections to be unfounded. Accordingly, it is HEREBY ORDERED that Mark Fox, Administrator of the Estate of Falan Fox, provide written consent for the disclosure of the DCF records to defendants.  This production is subject to the parties' confidentiality agreement and will be made within ten (10) days.  D. Conn. L. Civ. R. 37(a)(5).  Counsel may contact the Court to pick up the DCF records.

Kaestle Boos Associates, Inc.'s Motion for Order Compelling Discovery dated January 26, 2004 **[undocketed]**

Kaestle Boos Associates, Inc. (KBA) seeks an order compelling the Borough to respond to certain of KBA's July 2, 2003 Interrogatories and Requests for Production.  After discussion, the parties resolved most of the issues and reserved some issues for the Court.  It was agreed that the disclosure of the Internal Affairs report may satisfy all of KBA's requests.

6

After review of the IA report, KBA may contact to Borough to discuss any of its still outstanding interrogatories and/or requests for production.

<u>Interrogatory #9</u>:

The Borough agrees to provide all the parties' Nardozzi, Smolicz, and Clisham statements.  This production is subject to the parties' confidentiality agreement and will be made within ten (10) days.  D. Conn. L. Civ. R. 37(a)(5).

<u>Requests for Production #4 & 21</u>:

The Borough agreed to check on the existence of any audio and/or video recording and agrees to produce any recordings or will state in writing that none exist.

<u>Request for Production #10</u>:

The Borough will designate the documents responsive to the request.

<u>Request for Production #24</u>:

The Borough will provide "[a]ll documents relating to the discovery of Falan Fox's suicide on July 22, 2000, including but not limited to any ambulance report, any trip sheet associated with a request for an ambulance, and any report regarding what items were used from the medical bag," subject to the parties' confidentiality agreement.

Request for Production #25:

This request is DENIED as MOOT in light of the Court's ruling on the Borough's Motion for Protective Order [Doc. #104].

Requests for Production #31 & 32:

KBA argues that if documents exist to support this contention, then they should be produced or the Borough should state that "no documents exist." At the conference held April 12, 2004, the parties agreed to discuss these requests for production. The parties may contact the Court if this cannot be resolved.

Request for Production #33:

This request is denied as moot in light of the Court's ruling on the Borough's Motion for Protective Order [Doc. #104].

Request for Production #34:

KBA withdrew this request at the conference.

Requests for Production #35 & 36:

These requests are denied as moot in light of the Court's ruling on Nardozzi and Smolicz's Motions for Protective Order [Doc. ##105, 106].

Ryan Iron Works, Inc.'s Motion to Compel **[Doc. #117]**

The Borough agrees to provide a copy of the video tape and copies of any photos it has in its possession. The parties agree that the other issues are moot in light of this Court's order for the Borough to produce an unredacted copy of the internal affairs report, exhibits and attachments. This ruling is without prejudice to defendant renewing its motion after an opportunity

to review the Borough's production.

Miscellaneous

At a conference held April 12, 2004, the Borough agreed to produce Robbie Bolton's Statement. The Borough also agreed to produce a copy of Smolitz's training records to Smolitz's counsel for review. Counsel may contact the Court to schedule a telephone conference if there are any issues regarding disclosure of the training documents.

CONCLUSION

Accordingly, The Borough of Naugatuck's Motion for Protective Order **[Doc. #104]** is **DENIED** in accordance with this ruling and subject to the parties' confidentiality agreement.

Motion for Protective Order Re: Personnel File of Shelley Nardozzi **[Doc. #105]** is **GRANTED** in accordance with this ruling and subject to the parties' confidentiality agreement.

Motion for Protective Order Re: Personnel File of Rick Smolicz **[Doc. #106]** is **GRANTED** in part and **DENIED** in part in accordance with this ruling and subject to the parties' confidentiality agreement.

Plaintiff's Motion for Protective Order **[Doc. #109]** is **DENIED** in part as **MOOT** by agreement. It is HEREBY ORDERED that Mark Fox, Administrator of the Estate of Falan Fox provide written consent for the disclosure of the DCF records.

Kaestle Boos Associates, Inc.'s Motion for Order Compelling

Discovery dated January 26, 2004 **[undocketed]** is **GRANTED** in part and **DENIED** in part in accordance with this ruling and subject to the parties' confidentiality agreement.

Ryan Iron Works, Inc.'s Motion to Compel **[Doc. #117]** is **GRANTED** in part and **DENIED** in part in accordance with this ruling and subject to the parties' confidentiality agreement.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this __30th___ day of April 2004.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE