3:02 cv 1202 (PCD) Mark Fox vs. Ricky Smolicz, et als

**SUPPLEMENTAL ORDER**

MOTION FILING PROCEDURE BEFORE JUDGE DORSEY

The goal of the Order is to reduce filings, to expedite case resolution, to reduce the cost of processing cases, to reduce work for the Clerk's Office, to allow filings to be docketed consecutively, to promote cooperation among counsel, and to eliminate unnecessary motion adjudication. Counsel should read the Order below carefully to maximize the advantages for themselves, for the parties, and for the Court.

1. The Order applies to all motions except those listed below.
   a) for Admission *Pro Hac Vice*;
   b) to Withdraw;
   c) for Security for Costs;
   d) to Proceed *In Forma Pauperis*;
   e) for Appointment of Counsel;
   f) for TRO;
   g) to File Overlength Memoranda;
   h) to File Supplemental Memoranda;
   i) for Default for Failure to Appear;
   j) for Default Judgment;
   k) for Enlargement of Time;
   l) those directed solely at or in relation to other than the appearing parties;
   m) those as may be excused for good cause shown;
   n) under FED. R. CIV. P. 50(b);
   o) under FED. R. CIV. P. 59;
   p) for Reconsideration under D. CONN. L. CIV. R. 7(c); and
   q) for Attorneys' Fees and/or Sanctions under D. CONN. L. CIV. R. 11.

2. Before filing any motion, moving counsel shall consult all counsel to try to reach agreement as to the subject of the proposed motion. Any agreement reached may be confirmed by a stipulation or a motion on consent, either of which shall be effective only on approval by the Court.

3. Absent agreement, moving counsel shall serve on all counsel the proposed motion and all moving papers, certifying thereon the fact and date of such service. The original motion and moving papers should not then be filed with the Court. Counsel shall then file a copy of such certification to reflect compliance here with a motion-filing deadline otherwise fixed by law, by Federal Rule of Civil Procedure, by Local Rule, or by scheduling order of this Court.

4. Counsel so served shall within twenty-one (21) days of the service date:
   a) serve on moving counsel a stipulation reflecting acquiescence in the motion; or
   b) serve on moving counsel an original memorandum in opposition, together with any opposing papers and with a certification of the fact and date of such service. Counsel shall serve copies on all other counsel. The same should not be filed with the Court though counsel may file a certificate of service with the Court, listing the documents served and the fact and date of such service.

5.  Moving counsel then shall:
    a) after receipt of a stipulation, join in the stipulation and file the same with the Court;
    b) after receipt of an original memorandum in opposition, file the original memorandum in opposition together with any opposing papers, with the original motion, and with all moving papers on the Court. Any reply memoranda may be filed directly with the Court, at the same time serving copies of the reply memoranda on all other counsel; or
    c) absent opposition after twenty-one (21) days from the date of service or absent a stipulation, file with the Court the original motion and all moving papers, a certification of compliance with this Order and the absence of a receipt of opposition, and a request that the motion be granted absent any known opposition.
    d) a motion filing deadline set in a particular case is the date on or before which *the entire bundle* (the motion and supporting memorandum, and any opposition and reply memoranda) shall be *filed* with the Court.

6.  Sur-reply memoranda and any supplemental papers shall be filed only with a motion for leave to file.

7.  When filing cross-motions, such as for summary judgment, counsel may:
    a) file each motion separately, such that each motion is filed in compliance with the Order as its own complete package; or
    b) coordinate their filings with opposing counsel such that both cross-motions are filed as a single joint package, with memoranda appropriately titled as in opposition of one motion and as in support of the other motion.

8.  Any motion or filing not in compliance with this Order shall not be accepted for filing. Any motion filed in compliance with this Order without opposition may be granted absent opposition.

9.  Chambers copies of filings are not encouraged, except when requested by the Court, when the matter is to be resolved on an expedited basis, or when in the opinion of counsel chambers copies would be appropriate.

10. The following shall apply to Motions for Enlargement of Time:
    a) In addition to the requirements of D. CONN. L. CIV. R. 7(b), counsel shall set forth in detail what has been done and what needs to be accomplished which would thereby justify the amount of time requested. Absent such showing, the motions may be denied.
    b) Requests for an extension of time filed at or after an expiration date do not reflect good planning and may warrant denial of the request.