FILED

2005 JAN 27  A 10: 12

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK FOX, Administrator of the ESTATE OF FALAN FOX<br><br>VS.<br><br>RICKY SMOLICZ, Individually and in his official capacity, SHELLEY NARDOZZI, Individually and in her official capacity; DENNIS CLISHAM, Individually and in his official capacity; and the BOROUGH OF NAUGATUCK | CIVIL ACTION NO.<br>302CV01202 (PCD)<br><br><br>DECEMBER 22, 2004 |

## SECOND AMENDED COMPLAINT

**FIRST COUNT:**   (Civil Rights Violations by Individual Defendants)

1.   This is an action for money damages against police officers of the Borough for violation of Falan Fox's constitutional rights which resulted in her death. Plaintiff, Administrator of Falan Fox's Estate, alleges that the Defendants acted unlawfully and in violation of her constitutional rights, that the Defendants failed to properly and reasonably physically check the condition of Falan Fox while she was a detainee on the custody and care of the Naugatuck Police Department in violation of department policies and procedures, further failed properly and reasonably to recognize and respond to a suicidal condition and

failed properly and reasonably to procure competent medical and psychiatric aid for Falan Fox. The Borough of Naugatuck is liable for the death of Falan Fox because the Borough of Naugatuck failed as a matter of policy or through deliberate indifference to correct unconstitutional conditions, and properly to train and supervise its officers.

2.  This action is brought under 42 U.S.C. Sections 1983, 1985 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendment to the United States Constitution. Jurisdiction is invoked under 28 U.S.C. Section 1331 (federal question) and 1343(a) (civil rights) and also under the aforementioned statutory and Constitutional provisions, Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

3.  The Probate Court for the District of Naugatuck appointed the Plaintiff, Mark Fox, as the Administrator of the Estate of Falan Fox, and he continues to serve in that capacity. Mark Fox is the father of Falan Fox. Falan died at the Naugatuck Police Station on July 22, 2000, while in the care and custody of the Naugatuck Police Department.

4.  The Defendant, Sergeant Ricky Smolicz, at all times mentioned herein was a duly appointed and acting officer of the Police Department of the Borough of Naugatuck. He also failed properly to discharge duties as a patrol

supervisor and shift supervisor and to monitor properly and execute a physical check of a prisoner. He is sued in both his individual and official capacities.

5. The Defendant, Shelley Nardozzi, at all times mentioned herein was a duly appointed and acting employee of the Borough of Naugatuck as a police dispatcher. She is sued in both her individual and official capacities.

6. The Defendant, Dennis Clisham, at all relevant times was the Chief of Police for the Borough of Naugatuck, as Chief of Police remained a maker of municipal policy with respect to law enforcement issues in Naugatuck and held responsibility for supervision, training and performance of the members of the Naugatuck Police Department. His acts and omissions constituted the official policy of the Borough of Naugatuck with respect to law enforcement matters and such acts and omissions were the acts and omissions of the Defendant, Borough of Naugatuck. He is sued in both his official and individual capacities.

7. At all times mentioned herein, the Defendants, Sergeant Ricky Smolicz, Dispatcher Shelley Nardozzi, and Chief Dennis Clisham, were acting under the color of law, specifically, under the color and authority of the statutes, ordinances, regulations, policies, customs and usages of the State of Connecticut and/or the Borough of Naugatuck, Connecticut.

3

8. The Defendant, Borough of Naugatuck, is a municipality duly incorporated under the laws of the State of Connecticut, having the power to sue and be sued and at all times mentioned in this Complaint employed the Defendants, Sergeant Ricky Smolicz, Dispatcher Shelley Nardozzi, and Chief Dennis Clisham.

9. At all times relevant, the Defendants were employees and/or agents of the Borough of Naugatuck and were acting within the scope of employment and/or agency.

10. As described herein, the Defendants acted willfully, wantonly, recklessly or with deliberate indifference to the medical and psychological needs, the safety and well-being of the Plaintiff and for the purpose of depriving of the rights described hereinafter, and in fact did deprive Falan Fox of her rights by:

   a. failing to follow reasonable practices and procedures established for the care and custody of individuals arrested by the Naugatuck Police Department;

   b. failing to properly and continuously monitor Falan Fox while she was in her cell;

   c. failing to physically check and/or ensure that Falan Fox was physically checked every (30) thirty minutes, in violation of the rules and regulations of the Naugatuck Police Department and department orders;

   d. failure to properly observe the behavior of Falan Fox;

e.  failing to properly evaluate and/or attend to Falan Fox's psychiatric needs or suicidal tendency after placing her in a cell;

f.  failing to properly evaluate and/or attend to Falan Fox's psychiatric needs or suicidal tendency during the course of her detention at the Naugatuck Police Department;

g.  failing to take adequate or reasonable protections or to follow appropriate or reasonable protocol during her detention for the safety or well-being of Falan Fox when they knew or should have known, that she was depressed and suicidal;

h.  failing at all times to obtain adequate medical or psychological assistance for Falan Fox, during the time of her detention;

i.  failing to properly and adequately identify the depressed condition of Falan Fox during her detention and to take reasonable action to prevent her suicide attempt;

j.  failing to notify the Falan Fox to move back from the cell door when noticed by the dispatcher in violation of the rules and regulations of the Naugatuck Police Department;

k.  failing to timely remove the socks of Falan Fox which were eventually utilized to effectuate her suicide;

l.  failing to communicate with or assist Falan Fox despite her constant pleas for help or assistance in the several hours immediately prior to her death;

m.  failing to permit visitation as requested by her parents at approximately 4:50 p.m. on the date of her death;

n.  failing to inform Falan Fox that her parents had contacted the Police Department and were requesting to visit with her.

11.     As a direct and proximate result of the above-described unlawful acts, the recklessness, or, the deliberate indifference of the individual Defendants, all committed under color of law and under their authority as Naugatuck police officers and police personnel, and while acting in that capacity, Falan Fox suffered grievous bodily harm, pain and suffering, and loss of her life, all in violation of her rights under the laws and Constitution of the United States, in particular the Fourth, Fifth, Eighth and Fourteenth Amendments thereof and 42 U.S.C. Sections 1983, 1985(3), 1986 and 1988.

12.     The above-described actions of the Defendants constituted reckless or deliberate indifference to the safety, well-being, and medical and psychological needs of Falan Fox, depriving her of her rights under the laws and Constitution of the United States, in particular the Eighth Amendment thereof.

13.     As a further and proximate result of the above-described acts, Falan Fox was deprived of rights and immunities secured to her under the laws and Constitution of the United States and of the State of Connecticut including, but not limited to, her rights under the Fourteenth Amendment to be secure in her person, to be free from punishment without due process, and, to equal protection of the laws.

14. The Defendants, Sergeant Ricky Smolicz and Dispatcher Shelley Nardozzi, had the duty and the opportunity at all times described herein to prevent the death of Falan Fox and to prevent each other from engaging in the unlawful conduct and deliberate indifference, but each of these Defendants failed or refused to perform their duty and thereby proximately caused the injuries and death of the Plaintiff.

### SECOND COUNT: (Pendent Claim for Negligence of Officers)

1. On July 31, 2000, the Probate Court for the District of Naugatuck appointed the Plaintiff, Mark Fox, as the Administrator of the Estate of Falan Fox, and he continues to serve in that capacity. Mark is the father of Falan Fox.

2. Falan died at the Naugatuck Police Station on July 22, 2000 as the result of injuries sustained while in the care and custody of the Naugatuck Police Department.

3. The Defendant, Sergeant Ricky Smolicz, at all times mentioned herein was a duly appointed and acting officer of the Police Department of the Borough of Naugatuck. He also failed properly to discharge duties as a patrol supervisor and shift supervisor and to monitor a prisoner.

7

4.    The Defendant, Dispatcher Shelley Nardozzi, at all times mentioned herein was a duly appointed and acting employee of the Borough of Naugatuck.

5.    The Defendant, Dennis Clisham, at all relevant times was the Chief of Police for the Borough of Naugatuck, as Chief of Police remained the maker of municipal policy with respect to law enforcement issues in Naugatuck and held responsibility for supervision, training and performance of the members of the Naugatuck Police Department. His acts and omissions constituted the official policy of the Borough of Naugatuck with respect to law enforcement matters and such acts and omissions were the acts and omissions of the Defendant, Borough of Naugatuck.

6.    At all times mentioned herein, the Defendants, Dispatcher Shelley Nardozzi, Sergeant Ricky Smolicz, and Chief Dennis Clisham, were acting under the color of law, specifically, under the color and authority of the statutes, ordinances, regulations, policies, customs and usages of the State of Connecticut and/or the Borough of Naugatuck, Connecticut.

7.    The Defendant, Borough of Naugatuck, is a municipality duly incorporated under the laws of the State of Connecticut, having the power to sue

and be used and at all times mentioned in this Complaint employed the Defendants, Sergeant Ricky Smolicz and Chief Dennis Clisham.

8. At all times relevant, the Defendants were employees and/or agents of the Borough of Naugatuck and were acting within the scope of employment and/or agency.

9. On July 21, 2000, Falan Fox, a 16 year old girl, was arrested in connection with a robbery. Ms. Fox was transported to Naugatuck Police department headquarters without incident.

10. She was the only female prisoner in the cellblock. Each cell is monitored by a camera relaying images to a bank of three monitors located in the dispatch area of the local police department. The monitor continuously displayed the image of Falan Fox in the cell to the dispatcher.

11. After Falan Fox was placed in the locked cell, she remained a detainee under the supervision and control of the Defendants including desk patrol and shift supervisor, Sergeant Ricky Smolicz.

12. There are three monitors in this area along with one television set, which was displaying cable television programming throughout Ms. Fox's detention in the Naugatuck Police department.

9

13. The Naugatuck Police Department had a duty to ensure the safety and well being of Falan Fox while she was in its care and custody.

14. The Naugatuck Police Department Policy and Procedures requires that prisoners and officers shall be continuously monitored by the visual equipment at the front desk by the dispatcher while in the detention facility.

15. The written policy and procedures and directives also requires that the patrol supervisor also to insure that the prisoner is physically checked every 30 minutes.

16. On July 22, 2000, the last time Ms. Fox was checked by an officer was approximately 2:30 P.M.

17. From 3:30 P.M. through 4:30 P.M., Falan Fox was sitting on a bench cell.

18. At 5:00 P.M. Ms. Fox was laying on a bench in her cell.

19. At 5:30 P.M. the, defendant, dispatcher, Shelley Nardozzi, recorded that Falan Fox was "standing" near the cell door.

20. At 6:00 P.M., the defendant, dispatcher, Shelley Nardozzi recorded that Falan Fox was "standing" near the cell door.

21. At 6:30 P.M. the dispatcher again noticed that Falan Fox was "standing" near that cell door.

22. At approximately 4:50 P.M. on July 22, 2000 Falan Fox's father, Mark Fox, contacted the Naugatuck Police dispatcher and requested that he and his wife visit with their daughter.

23. The defendant, Sergeant Ricky Smolicz, denied this request to see her and failed to inform Falan Fox that her father made a request to visit with her.

24. At 6:36 P.M. Falan Fox was discovered dead and hanging in her cell.

25. Falan Fox was deceased for approximately 1 to 1 ½ hours prior to being discovered by the local police department personnel.

26. The shift supervisor and patrol supervisor, Sergeant Ricky Smolicz, was found guilty by the Naugatuck Police commission of neglect of duty in that he failed to insure that Ms. Fox was physically checked every (30) thirty minutes as required by the Naugatuck Police Department policy and procedures and Department Order #93-001.

27. For several hours prior to her death, Falan Fox was heard yelling and screaming incessantly "help me", "somebody help me", "somebody please help me" and other expressions seeking assistance.

28. Despite these pleas for assistance, no police officer checked on or visited Ms. Fox during this period.

29.  The Defendants subsequently left Falan Fox unattended without any individual supervision and/or failed to keep reasonable watch and surveillance of the cell area through audio and visual monitoring equipment.

30.  As described herein, the Defendants acted negligently and carelessly without regard to the medical and psychological needs, the safety and well-being of the Plaintiff, in one or more of the following ways:

    a.    failing to follow reasonable practices and procedures established for the care and custody of individuals arrested by the Naugatuck Police Department;

    b.    failing to properly and continuously monitor Falan Fox while she was in her cell;

    c.    failing to physically check and/or ensure that Falan Fox was physically checked every (30) thirty minutes in violation of the rules and regulations of the Naugatuck Police Department and department orders;

    d.    failure to properly observe the behavior of Falan Fox;

    e.    failing to properly evaluate and/or attend to Falan Fox's psychiatric needs or suicidal tendency after placing her in a cell;

    f.    failing to properly evaluate and/or attend to Falan Fox's psychiatric needs or suicidal tendency during the course of her detention at the Naugatuck Police Department;

    g.    failing to take adequate or reasonable protection or to follow appropriate or reasonable protocol during her detention for the safety or well-being of Falan Fox when they knew, or should have known, that she was depressed and suicidal;

    h.    failing at all times to obtain adequate medical or psychological assistance for Falan Fox, during the time of her detention;

    i.    failing to properly and adequately identify the depressed condition of Falan Fox at the time of her arrest and detention and to take reasonable action to prevent her suicide attempt;

    j.    failing to notify Falan Fox to move back from the cell door when noticed by the dispatcher in violation of the rules and regulations of the Naugatuck Police Department;

    k.    failing to timely remove the socks of Falan Fox which were eventually utilized to effectuate her suicide;

    l.    failing to communicate with or assist Falan Fox despite her constant pleas for help in the several hours immediately prior to her death;

    m.    failing to permit visitation as requested by her parents at approximately 4:50 p.m. on the date of her death;

    n.    failing to inform Falan Fox that her parents had contacted the Police Department and were requesting to visit with her.

31.    As a direct and proximate result of the above-described negligence and carelessness of the individual Defendants, Falan Fox suffered grievous bodily harm, pain and suffering, and loss of her life, all to her loss and damage.

32.    The Defendants, Sergeant Smolicz and Dispatcher Nardozzi had the duty and the opportunity at all times described herein to prevent the death of Falan Fox and to prevent each other from engaging in the negligence and

carelessness, but each of these Defendants failed, neglected or refused to perform their duty and thereby proximately caused the injuries and death of the plaintiff.

33. The Defendant, Clisham, as the Chief of Police, had the duty to train and ensure that the officers and employees of the Naugatuck Police Department follow the policy and procedures regarding the safety and well being of prisoners in the custody and care of the Naugatuck Police Department, including Falan Fox, but he failed to do so.

34. The various actions, omissions and conduct of the individual Defendants named above constitute negligence under the laws of the State of Connecticut and this Court has pendent jurisdiction to hear and adjudicate these claims.

35. Notice of intent to commence this action was previously given on behalf of the plaintiff pursuant to Section 7-465 of the Connecticut General Statutes, which notice is attached hereto as Exhibit A.

**THIRD COUNT:**   **(Liability of Borough of Naugatuck under 7-465)**

1.   The allegations contained in Paragraphs 1-35 of the Second Count are incorporated and made paragraphs 1-35 of this Third Count as if fully set forth herein.

36.   The Borough of Naugatuck is liable to the Plaintiff for the Defendants' violations of Falan Fox's civil rights and/or negligence pursuant to Connecticut General Statutes Section 7-465, and this Court has pendent jurisdiction to hear and adjudicate these claims.

37.   Notice of intent to commence this action was previously given on behalf of the plaintiff pursuant to Section 7-465 of the Connecticut General Statutes, which notice is attached hereto as Exhibit A.

**FOURTH COUNT:**   **(Liability of Borough of Naugatuck under 7-101)**

1.   The allegations contained in Paragraphs 1-35 of the Second Count are incorporated and made Paragraphs 1-35 of the Fourth Count as if fully set forth herein.

36.   The Borough of Naugatuck is liable to the Plaintiff for the Defendants' violations of Falan Fox's civil rights and/or negligence pursuant to

15