Connecticut General Statutes Section 7-101(a) et. seq. and this Court has pendent jurisdiction to hear and adjudicate these claims.

37.  Notice of intent to commence this action was previously given on behalf of the Plaintiff pursuant to Section 7-101 of the Connecticut General Statutes, which notice is attached hereto as Exhibit A.

**FIFTH COUNT:(Unconstitutional Policy Chief Dennis Clisham and Borough)**

1.  The allegations contained in Paragraphs 1-14 of the First Count are incorporated and made paragraphs 1-14 of this Fifth Count as if fully set forth herein.

15.  In their handling, processing and custody of the Plaintiff, the Defendants acted recklessly and with deliberate indifference to the safety, medical and psychological needs, and well-being of the Plaintiff under the circumstances.

16.  At all times described herein, and for a long time prior thereto, Defendant, Dennis Clisham, knew or should have known that his officers, including the Defendants herein, would frequently be called upon to have custody and to deal with persons and prisoners with suicidal tendencies, as was the

16

Plaintiff in this instance, under circumstances presenting a substantial danger to the safety and constitutional rights of such persons and prisoners.

17.   Although Defendant, Dennis Clisham, knew or should have known the above, he recklessly and with deliberate indifference to the Constitution failed adequately to train and supervise his officers, including Defendants herein, in the proper and safe methods of handling and caring for persons or prisoners under such circumstances.

18.   By his failure to adequately to train and supervise Defendants herein, and the other officers under his command, Defendant Officers and police personnel acted recklessly and with deliberate indifference to the safety of psychologically distressed prisoners, including the Plaintiff's decedent, and thereby proximately caused the injuries and death suffered by the Plaintiff's decedent, Falan Fox.

19.   At and for a long time prior to the time of the events described herein, Defendant, Borough of Naugatuck, knew or should have known that its police officers would frequently have care or custody of psychologically distressed persons or prisoners, as was the Plaintiff's decedent in this instance, under circumstances in which there existed a substantial danger of serious physical injury to such prisoners and a violation of the constitutional rights of

17

such prisoners. Nevertheless, Defendant, Borough of Naugatuck, failed adequately to train and supervise its police officers and failed to institute adequate procedures, physical conditions and other safeguards within its police headquarters, so as to assure the physical safety and well-being and the protection of the constitutional rights of such prisoners, including the Plaintiff's decedent, Falan Fox. Such failures by the Defendant, Borough of Naugatuck, constituted a policy or deliberate indifference to the safety and constitutional rights of the Plaintiff and all other prisoners so situated, and directly and proximately caused the injuries, pain and suffering, and death by the Plaintiff.

**SIXTH COUNT:** **(Pendent Claim for Negligence of Borough of Naugatuck)**

1.  The Probate Court for the District of Naugatuck appointed the Plaintiff, Mark Fox, as the Administrator of the Estate of Falan Fox, and he continues to serve in that capacity. Mark Fox is the father of Falan Fox. Falan died at the Naugatuck Police Station on July 22, 2000, while in the care and custody of the Naugatuck Police Department.

2.  On July 22, 2000, and for some time prior thereto, the defendant, Borough of Naugatuck, was a municipal corporation that, through its agents

18

and/or employees, operated the Naugatuck Police Department as well as the Naugatuck Police Station.

3. Falan died at the Naugatuck Police Station on July 22, 2000 as the result of injuries sustained while in the care and custody of the Naugatuck Police Department.

4. At all times mentioned herein, the defendant, Borough of Naugatuck, its agents, servants and/or employees, were acting under the color of law, specifically under the color and authority of the statutes, ordinances, regulations, policies, customs and usages of the State of Connecticut and/or the Borough of Naugatuck, Connecticut.

5. On July 21, 2000, Falan Fox, a 16 year old girl, was arrested in connection with a robbery. Ms. Fox was transported to Naugatuck Police department headquarters without incident.

6. She was the only female prisoner in the cellblock. Each cell is monitored by a camera relaying images to a bank of three monitors located in the dispatch area of the local police department. The monitor continuously displayed the image of Falan Fox in the cell to the dispatcher.

19

7.  After Falan Fox was placed in the locked cell, she remained a detainee under the supervision and control of the Defendant, Borough of Naugatuck, its agents, servants and/or employees.

8.  There are three monitors in this area along with one television set, which was displaying cable television programming throughout Ms. Fox's detention in the Naugatuck Police department.

9.  The Borough of Naugatuck, its agents, servants and/or employees had a duty to ensure the safety and well-being of Falan Fox while she was in its care and custody.

10. The Naugatuck Police Department Policy and Procedures requires that prisoners and officers shall be continuously monitored by the visual equipment at the front desk by the dispatcher while in the detention facility.

11. The written policy and procedures and directives also requires that the patrol supervisor also to insure that the prisoner is physically checked every 30 minutes.

12. On July 22, 2000, the last time Ms. Fox was checked by an officer was approximately 2:30 P.M.

13. From 3:30 P.M. through 4:30 P.M., Falan Fox was sitting on a bench cell.

14. At 5:00 P.M. Ms. Fox was laying on a bench in her cell.

15. At 5:30 P.M. the, defendant, Borough of Naugatuck, its agents, servants and/or employees recorded that Falan Fox was "standing" near the cell door.

16. At 6:00 P.M., the defendant, Borough of Naugatuck, its agents, servants and/or employees recorded that Falan Fox was "standing" near the cell door.

17. At 6:30 P.M. the defendant, Borough of Naugatuck, its agents, servants and/or employees again noticed that Falan Fox was "standing" near that cell door.

18. At approximately 4:50 P.M. on July 22, 2000 Falan Fox's father, Mark Fox, contacted the Naugatuck Police dispatcher and requested that he and his wife visit with their daughter.

19. The defendant, Borough of Naugatuck, its agents, servants and/or employees denied this request to see her and failed to inform Falan Fox that her father made a request to visit with her.

20. At 6:36 P.M. Falan Fox was discovered dead and hanging in her cell.

21

21. Falan Fox was deceased for approximately 1 to 1 ½ hours prior to being discovered by the local police department personnel.

22. The injuries, losses, and death of Falan Fox were caused by the negligence of the defendant, Borough of Naugatuck, its agents, servants and/or employees in one or more of the following ways:

    a. They failed to enforce the policy, practices and/or procedures established for the care and custody of individuals arrested by the Naugatuck Police Department;

    b. They failed to properly train the officers and employees of the Naugatuck Police Department regarding the safety and well-being of prisoners in the custody and care of the Naugatuck Police Department, including Falan Fox;

    c. They failed to follow reasonable practices and procedures established for the care and custody of individuals arrested by the Naugatuck Police Department;

    d. They failed to properly and continuously monitor Falan Fox while she was in her cell;

    e. They failed to physically check and/or ensure that Falan Fox was physically checked every (30) thirty minutes in violation of the rules and regulations of the Naugatuck Police Department and department orders;

    f. They failed to properly observe the behavior of Falan Fox;

    g. They failed to properly evaluate and/or attend to Falan Fox's psychiatric needs or suicidal tendency after placing her in a cell;

22

h.     They failed to properly evaluate and/or attend to Falan Fox's psychiatric needs or suicidal tendency during the course of her detention at the Naugatuck Police Department;

i.     They failed to take adequate or reasonable protection or to follow appropriate or reasonable protocol during her detention for the safety or well-being of Falan Fox when they knew, or should have known, that she was depressed and suicidal;

j.     They failed at all times to obtain adequate medical or psychological assistance for Falan Fox, during the time of her detention;

k.     They failed to properly and adequately identify the depressed condition of Falan Fox at the time of her arrest and detention and to take reasonable action to prevent her suicide attempt;

l.     They failed to notify Falan Fox to move back from the cell door when noticed by the dispatcher in violation of the rules and regulations of the Naugatuck Police Department;

m.     They failed to timely remove the socks of Falan Fox which were eventually utilized to effectuate her suicide;

n.     They failed to communicate with or assist Falan Fox despite her constant pleas for help in the several hours immediately prior to her death;

o.     They failed to permit visitation as requested by her parents at approximately 4:50 p.m. on the date of her death;

p.     They failed to inform Falan Fox that her parents had contacted the Police Department and were requesting to visit with her.

23

23.  As a direct and proximate result of the above described negligence and carelessness of the defendant, Borough of Naugatuck, its agents, servants and/or employees, Falan Fox suffered grievous bodily harm, pain and suffering, and loss of her life.

24.  The various actions, omissions and conduct of the individual Defendants named above constitute negligence under the laws of the State of Connecticut and this Court has pendent jurisdiction to hear and adjudicate these claims.

25.  The defendant, Borough of Naugatuck, a political subdivision of the State of Connecticut, is liable for the death of Falan Fox pursuant to Connecticut General Statutes § 52-557n.

### SEVENTH COUNT: (Mark Fox Administrator of the Estate of Falan Fox v. Kaestle-Boos Associates, Inc.)

1.  On October 29, 2002, the defendants filed an apportionment complaint against Kaestle-Boos Associates, Inc., claiming that Kaestle-Boos Associates, Inc. caused the plaintiff's injuries resulting in her death.

2.  In the event the jury finds against the apportionment defendant in accordance with the claims of negligence asserted in the apportionment complaint, and in order to protect Mark Fox Administrator of the Estate of Falan

24

Fox's rights, the plaintiff, Mark Fox, hereby asserts a claim against the apportionment defendant, Kaestle-Boos Associates, Inc., pursuant to §52-102b of the Connecticut General Statutes.

3. At all relevant times, the apportionment defendant, Kaestle-Boos Associates, Inc., acted as the architect for the design, construction and building of a new facility to house the Naugatuck Police Department, located at 211 Spring Street, Naugatuck, Connecticut.

4. At all relevant times, the apportionment defendant, Ryan Iron Works, Inc., acted as the fabricator and contractor of the detention equipment for the Naugatuck Police Department.

5. At all times relevant herein the apportionment defendant, Gunnoud Construction Company, Inc., was the construction manager of the Naugatuck Police Department.

6. Any injuries and losses claimed by the plaintiff, Mark Fox, Administrator of the Estate of Falan Fox, may have been caused by the negligence and carelessness of the apportionment defendant, Kaestle-Boos Associates, Inc., in one or more of the following way as claimed by the defendants/apportionment plaintiffs:

25

a.  In that it could, and should, have designed and provided a detention cell to prevent the use of ligature device attached to the cell door and/or its frame;

b.  In that it failed to properly oversee the design, fabrication, construction and installation of the detention cell to ensure that a ligature device could not be attached to the cell door and/or its frame;

c.  In that it failed to ensure that the cell door and/or frame had a hanger plate or formed door guide of sufficient length to extend such a distance on the cell door to prevent the utilization of ligature device;

d.  In that it permitted the design, construction and installation of a cell door and/or frame wherein a ligature device could be utilized by a detainee;

e.  In that it permitted the design, construction and use of a cell door and/or frame wherein there exists a lip on the upper corner of the door to allow for the use of a ligature device;

f.  In that it could, and should, have ensured that the cell was designed, fabricated and constructed so that there would not be a gap between the door and interior frame within which to place a ligature device to then be supported by the door;

g.  In that it could, and should, have ensured that the cell was designed, fabricated and constructed so that there was no room between the vertical bars to allow for a detainee to reach her hands through to position a ligature device on the door frame; and

h.  In that it could, and should, have ensured that the detention cell was drawn, constructed and installed to prevent a detainee from being able to secure a ligature device to the cell door and/or frame area.

26

7. The plaintiff, Mark Fox, Administrator of the Estate of Falan Fox, has claimed to have suffered injuries and losses.

**<u>EIGHTH COUNT:</u>** **(Mark Fox Administrator of the Estate of Falan Fox v. Ryan Iron Works, Inc.)**

1-5. Paragraphs 1 through 5 of the Sixth Count are hereby incorporated and made corresponding paragraphs of this Seventh Count as if fully set forth herein.

6. An injuries and losses claimed by the plaintiff, Mark Fox, Administrator of the Estate of Falan Fox, may have been caused by the negligence of the apportionment defendant, Ryan Iron Works, Inc., in one or more of the following way as claimed by the defendants/apportionment plaintiffs:

    a. In that it could, and should, have draw, fabricated and provided a detention cell to prevent the use of ligature device attached to the cell door and/or its frame;

    b. In that it failed to properly oversee the fabrication, construction and/or installation of the detention cell to ensure that a ligature device could not be attached to the cell door and/or its frame;

    c. In that it failed to ensure that the cell door and/or frame was fabricated and/or constructed with a hanger plate of sufficient length to extend such a distance on the cell door to prevent the utilization of a ligature device:

    d.    In that it permitted the fabrication and installation of a cell door and/or frame wherein a ligature device could be utilized by a detainee;

    e.    In that it permitted the fabrication, construction and/or installation and use of a cell door and/or frame wherein there exists a lip on the upper corner of the door to allow for the use of a ligature device;

    f.    In that it could, and should, have ensured that the cell was fabricated, constructed and installed so that there would not be a gap between the door and interior frame within which to place a ligature device to then be supported by the door; and

    g.    In that it could, and should, have ensured that the cell was fabricated, constructed and installed so that there was no room between the vertical bards to allow for a detainee to reached her hands through to position a ligature device on the door frame.

7. The plaintiff, Mark Fox, Administrator of the Estate of Falan Fox, has claimed to have suffered injuries and losses.

**NINETH COUNT:**   (Mark Fox Administrator of the Estate of Falan Fox v. Gunnoud Construction, Co., Inc.)

1-5. Paragraphs 1 through 5 of the Sixth Count are hereby incorporated and made corresponding paragraphs of this Eighth Count as if fully set forth herein.

6. Any injuries and losses claimed by the plaintiff, Mark Fox, Administrator of the Estate of Falan Fox, may have been caused by the

28

negligence and carelessness of the apportionment defendant, Gunnoud Construction Co., Inc., in one or more of the following way as claimed by the defendants/apportionment plaintiffs:

    a.    In that it could, and should, have overseen the construction of a detention cell to prevent the use of a ligature device attached to the cell door and/or its frame;

    b.    In that it failed to properly oversee the construction and installation of the detention cell to ensure that a ligature device could not be attached to the cell door and/or its frame;

    c.    In that it failed to ensure that the cell door and/or frame had a hanger plate of sufficient length to extend such a distance on the cell door to prevent the utilization of a ligature device;

    d.    In that it permitted the construction and installation of a cell door and/or frame wherein a ligature device could be utilized by a detainee;

    e.    In that it permitted the construction and installation of a cell door and/or frame wherein there exists a lip on the upper corner of the door to allow for the use of a ligature device;

    f.    In that it could, and should, have ensured that the cell was constructed and installed so that there could not be a gap between the door and interior frame within which to place a ligature device to then be supported by the door; and

    g.    In that it could, and should, have ensured that the cell was fabricated, constructed and installed so that there was no room between the vertical bars to allow for a detainee to reach her hands through to position a ligature device on the door frame.

29

7. The plaintiff, Mark Fox, Administrator of the Estate of Falan Fox, has claimed to have suffered injuries and losses.

WHEREFORE, the Plaintiff claims judgment against the Defendants and each of them jointly and severally and on each count as applicable:

A. Compensatory damages against each of the Defendants, Ricky Smolicz, Shelley Nardozzi, Dennis Clisham and the Borough of Naugatuck in the amount of Five Million and 00/100 ($5,000,000.00) Dollars;

B. Punitive damages against each of the Defendants, Ricky Smolicz, Shelley Nardozzi, Dennis Clisham and the Borough of Naugatuck, as appropriate for willful misconduct in the amount of Fifteen Million and 00/100 ($15,000,000.00) Dollars;

C. Attorney's fees and the cost of this action; and

D. Such other relief as this Court shall consider to be fair and equitable to protect the rights of the Plaintiff.

Dated at Cheshire, Connecticut this 22nd day of December 2004.

PLAINTIFF, MARK FOX,
Administrator of the ESTATE OF
FALAN FOX,

By _____
William P. Yelenak
Federal Bar # 05491
Moore, O'Brien,
Jacques & Yelenak
700 West Johnson Avenue,
Suite 207
Cheshire, CT 06410
Telephone: (203) 272-5881

32