FILED

2005 APR 20  A 8: 17

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK FOX, ADMINISTRATOR | : | CIVIL ACTION NO. |
| FOR THE ESTATE OF FALAN FOX | : | 3:02CV1202(PCD) |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| RICKY SMOLICZ, ET AL, | : | MARCH 24, 2005 |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT/APPORTIONMENT DEFENDANT RYAN IRON WORKS, INC.

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Rule 56 of the

Local Rules, the defendant/apportionment defendant **Ryan Iron Works, Inc.,** hereby

moves for summary judgment, for the reason that any claims against it are barred by the

applicable statute of limitations, Conn. Gen. Stat. § 52-584. This action arises out of the

suicide death of Falan Fox on July 22, 2000 while incarcerated at the Naugatuck Police

Department's jail. The plaintiff originally brought suit against the Borough of Naugatuck

and certain individual municipal defendants on July 12, 2002. The plaintiff did not sue

Ryan Iron Works at that time. Apportionment complaints were later brought against Ryan

Iron Works pursuant to Conn. Gen. Stat. § 52-102, and the plaintiff thereafter pleaded over

as to Ryan Iron Works (see apportionment complaints dated 10/29/02, 11/1/02 and

11/11/02). The plaintiff's operative complaint is the Second Amended Complaint (dated

1/27/05). As further discussed below, however, Ryan Iron Works was immune from suit

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860)525-5361          FAX (860)525-4849          JURIS NO. 24029

for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."

<u>Anderson</u>, 477 U.S. at 247-48, 106 S.Ct. 2505 (emphasis in original). "Factual disputes

that are irrelevant or unnecessary will not be counted." <u>Id.</u> at 248, 106 S.Ct. 2505.

<u>ARGUMENT</u>

<u>Summary Judgment Should be Granted When an Action is Barred by the Statute of Limitations</u>

The claims against Ryan Iron Works are based in common law negligence and are

governed by state law.  See, e.g., <u>Johnson v. Schmitz</u>, 119 F. Supp.3d 90 (D. Conn. 2000).

The claims are that Ryan Iron Works could and should have fabricated a cell so as to

prevent a suicidal inmate from being able to attach a ligature device to the cell door or its

frame, or failed to fabricate such a cell.  Since there is no claim that Ryan Iron Works'

duties extended beyond the time it completed its work under the contract, Ryan Iron is

entitled to summary judgment on all claims against it.  Ryan Iron Works completed its

contractual obligations on September 8, 1995, almost five years before the death of

plaintiff's decedent.

Section 52-584 of the Connecticut General Statutes provides:

No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860)525-5361                    FAX (860)525-4849                    JURIS NO. 24029

3

Conn. Gen. Stat. § 52-584. For purposes of the statute of limitations, the date of the act or omission complained of is the date when the allegedly negligent conduct occurred, not the date on which the plaintiff suffers damage. Blanchette v. Barrett, 229 Conn. 256, 265 (1994). The statute begins to run when the tortious conduct occurs, not when it is discovered. As a result, there are times when the statute of limitations will bar an action "even before the cause of action accrues." See, e.g., L. Cohen & Co., Inc. v. Dunn & Bradstreet, Inc., 629 F. Supp. 1425, 1428 (D. Conn. 1986). The tortious conduct alleged here is that Ryan Iron Works failed to properly fabricate and construct a cell in which a person could not attach a ligature device. These claims of the plaintiffs and apportionment plaintiffs arose prior to September 8, 1995, when Ryan Iron completed its contractual duties in erecting the cells. Any such claims against Ryan Iron Works are barred by the statute of limitations.

For these reasons, Ryan Iron Works is entitled to summary judgment as to all claims against it. In further support of this Motion, a Local Rule 56 Statement of Undisputed Facts and affidavit of Howard Shea are attached hereto. Wherefore, Ryan Iron Works respectfully moves for summary judgment as to the plaintiff's Second Amended Complaint and the Apportionment Complaints of defendants Smolicz, Nardozzi and the Borough of Naugatuck.

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on March 24, 2005:

William P. Yelenak, Esq.
Garrett M. Moore, Esq.
Moore, O'Brien, Jacques & Yelenak
700 W. Johnson Avenue, Suite 207
Cheshire, CT  06410

Edward G. Fitzpatrick, Esq.
Fitzpatrick & Mariano
203 Church Street
Naugatuck, CT  06770

Scott M. Karsten, Esq.
Nichole D. Dorman, Esq.
Sack, Spector & Karsten
836 Farmington Avenue, Suite 221
West Hartford, CT  06119-1544

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT  06484

Timothy W. Donahue, Esq.
Steven Barry, Esq.
Donahue, Durham & Noonan
741 Boston Post Rd.
Guilford, CT, 06437

John T. Harris, Esq.
Shipman & Goodwin
One American Row
Hartford, CT  06103-2819

Kenneth J. Mulvey, Jr., Esq.
David J. Crotta, Jr., Esq.
Mulvey, Oliver Gould & Crotta
83 Trumbull Street
New Haven, CT  06511

SCOTT D. CAMASSAR