UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK FOX, ADMINISTRATOR FOR THE ESTATE OF FALAN FOX | : : : | CIVIL ACTION NO. 3:02 CV1202 (PCD) |
| Plaintiff | : : | |
| v. | : : | |
| RICKY SMOLICZ, SHELLEY NARDOZZI, DENNIS CLISHMAN and BOROUGH OF NAUGATUCK | : : : : | |
| Defendants. | : : : | JUNE 20, 2005 |

**OBJECTION TO RYAN IRON WORKS' MOTION FOR SUMMARY JUDGMENT**

   The undersigned counsel, on behalf of defendants/apportionment plaintiffs, Borough of Naugatuck and Dennis Clisham, hereby respectfully objects to the defendant Ryan Iron Works Motion for Summary Judgment. Ryan Iron Works has filed a Motion for Summary Judgment as to the apportionment complaint arguing that it is entitled to judgment as a matter of law because the claims against it are time barred by General Statutes § 52-584. However, the undersigned defendants/apportionment plaintiffs respectfully contend that the limitation set forth in § 52-584 is inapplicable to the apportionment claim. Iazzetta v. Clock Tower Mill, 2001 WL 893812 (Conn.Super., June 8, 2001, Swords, J.). (A copy of all Connecticut Superior Court decisions cited are attached hereto as Exhibit A.).

In this case, the relevant statute of limitations concerning a claim for apportionment is set forth in Conn.Gen.Stat. § 52-102b(a). Section 52-102b(b) expressly provides for the bringing, within specified time limits, of an apportionment complaint "notwithstanding any statute of limitations". Subsection (b) explicitly states that "[i]f the apportionment complaint is served within the time period specified in subsection (a) of this section, no statute of limitation or repose shall be a defense or bar to such claim for apportionment … ." General Statutes § 52-102b(b).

There can be no dispute in the pending case that the undersigned defendants/apportionment plaintiffs filed the apportionment complaint in a timely fashion pursuant to § 52-102b(a). The limitation set forth in § 52-584 is simply inapplicable to the defendants' apportionment complaint.

Connecticut superior courts that have addressed the time limitations of § 52-102b(b) have stated that this "language does not reflect a concern on the part of the legislature for the underlying statute of limitations of the negligence action." Stroud v. Pfeffer, 1996 WL 218757 (Conn.Super., April 1, 1996, Ballen, J.); see also, Graham v. NCC Management, Inc., 1999 WL 713486 (Conn.Super., August 31, 1999, Gill, J.).

Iazzetta is directly on point to the pending Motion for Summary Judgment. In Iazzetta, an apportionment defendant moved for summary judgment claiming that § 52-584 barred the apportionment complaint even thought it was filed within one

hundred twenty days of the return date. In <u>Iazzetta</u>, the court held that the apportionment defendant was "not claiming that the plaintiff's action against the defendants/apportionment plaintiffs is barred by any statute of limitations but rather that § 52-584 bars the claim against it for apportionment. This is precisely the statute of limitations defense that § 52-102b(b) prohibits."   The <u>Iazzetta</u> court continued:

> although no appellate authority has been found, the Superior Courts have often held that because § 52-102b is the exclusive means by which to add a defendant for apportionment purposes." see General Statutes § 52-102b(f); <u>Eskin v. Castiglia</u>, 253 Conn. 516, 523-24, 753 A.2d 927 (2000); as long as the time requirements contained in § 52-102b(a) and (d) are satisfied, statutes of limitations such as § 52-584 are simply inapplicable. See, e.g., <u>Tine v. Baker</u>, Superior Court, judicial district of New London at Norwich, Docket No. 116645 (March 27, 2000) (Hurley, J.) (27 Conn. L. Rptr. 57, 59) (" § 52-584 does not apply to an apportionment complaint"); <u>Morin v. Cook</u>, Superior Court, judicial district of Windham at Putnam, Docket No. 58495 (March 5, 1999) (Sferrazza, J.) (24 Conn. L. Rptr. 121, 122) (court agrees "that § 52-102b controls and that § 52-584 is inapplicable"); <u>Winiarski v. Hall</u>, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566277 (December 19, 1997) (Wagner, J.) (21 Conn. L. Rptr. 514, 515) (" § 52-102b controls in the present case rather than the general negligence statute of limitations pursuant to § 52-584"). These decisions hold that § 52-584 may not be used by apportionment plaintiffs to save an untimely filed apportionment complaint based on the reasoning that § 52-584 is inapplicable. Given this same reasoning, the court sees no logical reason why § 52-584 should then operate to bar a timely filed apportionment complaint.
>
> <u>Iazzetta</u>, at 2.

In this matter, as in Iazzetta, the limitations in § 52-584 simply do not apply to the apportionment claim. For the foregoing reasons, the defendants Borough of Naugatuck and Dennis Clisham respectfully contend that Ryan Iron Works Motion for Summary Judgment should be denied.

                    **THE DEFENDANTS,**
                    **Borough of Naugatuck and**
                    **Dennis Clisham**

                    **By**_____
                    **Steven M. Barry #CT07825**
                    **Donahue, Durham & Noonan, P.C.**
                    **741 Boston Post Road**
                    **Guilford, CT 06437**
                    **(203) 458-9168**

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage pre-paid this 20th day of June, 2005 to:

| | |
|---|---|
| William Yelenak, Esq.<br>Moore, O'Brien, Jacques & Yelenak<br>700 West Johnson Avenue, Suite 207<br>Cheshire, CT  06410 | Peter D. Clark, Esq.<br>Law Offices of Peter D. Clark<br>525 Bridgeport Avenue<br>Shelton, CT 06484 |
| Scott Karsten, Esq.<br>Sack, Spector & Karsten<br>836 Farmington Avenue<br>West Hartford, CT  06119-1544 | David Crotta, Esq.<br>Mulvey, Oliver, Gould & Crotta<br>83 Trumbull Street<br>New Haven, CT 06511 |
| Scott Camassar, Esq.<br>Gordon, Muir & Foley, LLP<br>Hartford Square North<br>Ten Columbus Boulevard<br>Hartford, CT  06106 | John T. Harris, Esq.<br>Shipman & Goodwin<br>One American Row<br>Hartford, CT 06103-2819 |

_____
**Steven M. Barry**