UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK FOX, ADMINISTRATOR OF : | CIVIL ACTION NO. |
| THE ESTATE OF FALAN FOX : | 3:02 CV 01202 (PCD) |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| RICHARD SMOLICZ, SHELLEY : | |
| NARDOZZI, DENNIS CLISHAM, : | |
| BOROUGH OF NAUGATUCK, : | |
|     Defendants and : | |
|     Apportionment Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| KAESTLE BOOS ASSOCIATES, INC., : | |
| RYAN IRON WORKS, INC. AND : | |
| GUNNOUD CONSTRUCTION CO., INC. : | |
|     Apportionment Defendants. : | MAY 26, 2005 |

**APPORTIONMENT DEFENDANT KAESTLE BOOS ASSOCIATES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT AS TO SECOND AMENDED AND APPORTIONMENT COMPLAINTS**

I.  **INTRODUCTION AND FACTUAL BACKGROUND**

On July 21, 2000, Falan Fox, a 16-year-old girl, was arrested by the Borough of Naugatuck Police and taken to the Naugatuck police department, where she was detained in a cellblock. Plaintiff's Second Amended Complaint dated December 22, 2004 ("Second Amended Complaint"), Second Count, ¶ 9. She was the only female prisoner in the cellblock. Her cell was monitored by a camera relaying images to a bank of three monitors

located in the department's dispatch area. Second Amended Complaint, Second Count, ¶ 10. The monitor flashed images of Falan Fox to the dispatcher every five seconds. *Id.*

The written policy and procedures of the Naugatuck police department require that prisoners be continuously monitored by visual equipment at the front desk by the dispatcher. Second Amended Complaint, Second Count, ¶ 14. The department's written policy and procedures further required that prisoners be physically checked every 30 minutes. *Id.*, ¶ 15.

Despite these written policies and procedural directives, the last time that Falan Fox was physically checked by a Naugatuck officer on July 22, 2000, was at about 2:30 p.m. Second Amended Complaint, Second Count, ¶ 16. At 6:36 p.m., Falan was discovered dead and hanging in her cell. *Id.*, ¶ 24. Falan had died approximately 1 to 1 ½ hours before her body was discovered by the police department personnel. *Id.*, ¶ 25.

The plaintiff Mark Fox, Falan's father, was appointed by the Probate Court to serve as administrator of her estate on July 31, 2000, and he continues to serve in that capacity. As administrator, the plaintiff brought this action initially against the Borough of Naugatuck and the individual defendants Rick Smolicz (the shift supervisor), Shelley Nardozzi (the dispatcher), and Dennis Clisham, the Naugatuck police chief. Smolicz, Nardozzi, and Clisham were sued in their individual and official capacities. The plaintiff alleged that the defendants violated Falan Fox's federal constitutional rights by acting recklessly or with deliberate indifference to her medical and psychological needs (Count One). He further

2

**SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW***
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

alleged a number of pendent state law claims in negligence against the defendant officers and the defendant municipality (Counts Two through Five).

In apportionment complaints dated October 29, 2002, November 1, 2002, and November 7, 2002 (collectively, the "Apportionment Complaints"), the defendants (Smolicz, Nardozzi, Clisham and the Borough) sought to shift liability for their alleged negligence to others, including Kaestle Boos, an architectural firm located in New Britain, Connecticut, which had acted as the architect for the design and construction of the new facility to house the Naugatuck Police Department and in which Falan Fox committed suicide. *See* Affidavit of Charles W. Boos attached hereto as "Exhibit A".

The Apportionment Complaints, First Count at ¶ 6, allege that Falan Fox's death was or may have been caused by Kaestle Boos's negligent design of the jail cell in which Ms. Fox died. The plaintiff, who had not initially sued Kaestle Boos, then amended his complaint to include a direct claim against Kaestle Boos under Connecticut General Statutes § 52-102b. Second Amended Complaint, Seventh Count, ¶ 6. The plaintiff's claims against Kaestle Boos are identical to those brought by the defendants/apportionment plaintiffs in their Apportionment Complaints.

The original Scheduling Order in this matter, dated March 18, 2003, has been revised nine times, and the dates by which the plaintiff and the defendants/apportionment plaintiffs had to disclose their expert witness has been pushed back each time, first through 2003, then through 2004. Finally, after a conference before U.S. Magistrate Judge Holly Fitzsimmons

**SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW***
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

on March 30, 2005, the plaintiff and the defendants/apportionment plaintiffs agreed and the Court ordered that the absolutely final date by which the plaintiff and apportionment plaintiffs would disclose their expert witnesses as against Kaestle Boos would be April 30, 2005. *See* Scheduling Order dated April 4, 2005 attached hereto as "Exhibit B". Both the plaintiff and the defendant/apportionment plaintiffs have failed to meet this final deadline and this failure is fatal to their case. *See*, Affidavit of John T. Harris in Support of Defendant/Apportionment Defendant Kaestle Boos Associates, Inc.'s Motion for Summary Judgment, Exhibit E. hereto.

Kaestle Boos now moves for summary judgment as to all claims, as there are no genuine issues of material fact as plaintiff and defendants/apportionment plaintiffs have failed to disclose by the Court-appointed deadline an expert who may testify as to the standard of care that an architect such as Kaestle Boos would have to satisfy in the design of such a detention cell, let alone as to whether or not Kaestle Boos has breached such a standard of care. As such, there is no basis for the claims against Kaestle Boos, and Kaestle Boos is entitled to a judgment in its favor as a matter of law.

## II. LAW AND ARGUMENT

### A. STANDARD OF REVIEW

Summary judgment is proper "when the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no

4

**SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW***
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986).

Summary judgment must be granted if the party opposing the motion "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

In addition, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, *supra*; <u>Silver v. City University of New York</u>, 947 F.2d 1021, 1022, 1991 U.S.App. LEXIS 25397 (2d Cir. 1991); <u>Bay v. Times Mirror Magazine, Inc.</u> 936 F.2d 112, 116, 1991 U.S.App. LEXIS 13265 (2d Cir. 1991). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. <u>Anderson v. Liberty Lobby, Inc.</u> *supra*, 477 U.S. at 249-50 (1986).

**SHIPMAN & GOODWIN® LLP** • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

### B. APPORTIONMENT PLAINTIFFS AND PLAINTIFF MARK FOX HAVE FAILED TO DISCLOSE AN EXPERT WITNESS REQUIRED TO PROVE A CLAIM FOR A PROFESSIONAL NEGLIGENCE AGAINST KAESTLE BOOS

The apportionment plaintiffs, Smolicz, Nardozzi, Clisham and the Borough of Naugatuck, and the plaintiff, Mark Fox, have failed to disclose an expert witness to testify as to the standard of care required and allegedly breached by a professional entity such as Kaestle Boos. Pursuant to the April 4, 2005 Scheduling Order (Exhibit B hereto) entered by the Court after a conference with all parties, the plaintiff and defendants/apportionment plaintiffs were required to disclose "their expert witness against the apportionment defendants on or before April 30, 2005," but have failed to do so. This failure to disclose an expert witness to testify as to Kaestle Boos's alleged professional negligence by the Court-mandated deadline is therefore fatal to the claims against Kaestle Boos stated in the Second Amended Complaint and the Apportionment Complaints, as, without such expert testimony, the apportionment plaintiffs and the plaintiff cannot establish either the standard of skill and care applicable to Kaestle Boos and/or that Kaestle Boos failed to conform to such standard. Thus, summary judgment in favor of Kaestle Boos is appropriate in the present matter.

In an action alleging professional negligence against an entity such as an engineer or architect, the plaintiff must introduce as part of the evidence in support of its claim an expert who can testify, using his or her technical expertise, as to the standard of care within the defendant's profession and whether or not the defendant has breached this standard of care.

6

**SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW***
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Without this expert testimony, a claim of professional negligence fails. "When a topic requiring special experience of an expert forms a main issue in the case, the evidence on that issue must contain expert testimony or it will not suffice." Matyas, et al. v. Minck, et al., 37 Conn. App. 321, 326, 655 A.2d 1155, 1158 (1995) (*citing* Sickmund v. Connecticut Co., 122 Conn. 375, 379, (1937); Slimak v. Foster, 106 Conn. 366, 368 (1927) (internal quotation marks omitted)). "In cases involving claims of professional negligence. . .expert testimony is essential to establish both the standard of skill and care applicable and that the defendant failed to conform to the standard, as these matters are outside the knowledge of the jury." Id., *citing* Mather v. Griffin Hospital, 207 Conn. 125, 131 (1988); Campbell v. Palmer, 20 Conn. App. 544, 548 (1990). *See also* John Doe v. Yale University, 252 Conn. 641, 687-90, 748 A.2d 834 (2000) ("In some circumstances. . .expert testimony is not only admissible, it is required to support a claim." (internal citations omitted)).

In Matyas, the Connecticut Appeals Court found deficient a malpractice claim against an engineer when the plaintiffs failed to produce an expert who could testify that the defendant civil engineer Curcio had negligently designed the septic tank at the plaintiffs' residence. In affirming a judgment for the defendant engineer, the Court found that since "the preparation, design and drawing of an engineering septic system require training and technical expertise beyond the ordinary knowledge and experience of jurors and judges," the plaintiffs were required to produce expert testimony at trial and their failure to do so was proper grounds for a judgment in the defendant's favor. Matyas, *supra* at 327.

7

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Similarly, in <u>Somers Mill Assoc., Inc., et al v. Fuss & O'Neill, Inc., et al</u>, a Connecticut Superior Court found that plaintiffs who had failed to produce, prior to trial, an expert who could testify as to the specific standard of care for an engineer in a land assessment and development case, as well as how the defendant engineer had violated this specific standard of care, had failed to produce sufficient evidence to survive a motion for summary judgment.

Generally speaking, "[m]alpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services . . . Where the exercise of proper professional skill and care is in issue, expert testimony tending to establish the want of such skill and care is essential to recovery." <u>Somers Mill Assoc., Inc., et al v. Fuss & O'Neill, Inc., et al</u>, 2002 Conn.Super. LEXIS 740, *9 - *10 (Conn.Super. 2002) (*citing* <u>Winsted Land Development v. Design Collaborative Architects, P.C.</u>, 1999 Conn.Super. LEXIS 2180, *44 - *45 (Conn.Super. 1999) (quotations and additional internal citations omitted)). (Copies of both the <u>Somers Mill Assoc., Inc.</u> and <u>Winsted Land Development</u> cases are attached hereto as Exhibits C and D respectively.)

In the present matter, the apportionment plaintiffs and the plaintiff, Mark Fox, are suing Kaestle Boos, the architects of the detention cell in which Falan Fox was placed, for negligence in its design of the cell. Specifically, the apportionment plaintiffs claim that Kaestle Boos, through its architectural design and its provision of construction administration

**SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW***
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

services, should have ensured that the prison bars were designed and built in such a way as to prevent Falan Fox from attaching a ligature device to the cell door.  Apportionment Complaints, First Count at ¶ 6.

The plaintiff and apportionment plaintiffs are stating a claim of professional negligence against the defendant architectural firm and, to establish and prove such a claim are required to produce an expert who can testify as to the architectural industry standards of care expected in the design and construction of such detention cells.  Without such expert testimony on this technical question, the issues involved in the apportionment complaint are beyond the knowledge of a layperson trier of fact.  *See* Matyas, *supra* at 327.

Neither the apportionment plaintiffs nor the plaintiff in the underlying complaint has produced an expert who will testify as to the standard of care in the present matter and how they claim Kaestle Boos breached said standard of care.  Pursuant to the Scheduling Order established by the Court in this matter dated April 4, 2005, the plaintiffs and the defendants/apportionment plaintiffs were required to disclose their expert witnesses by April 30, 2005, but plaintiff and defendants/apportionment plaintiffs have failed to do so.  Because such parties have not disclosed an expert witness as to Kaestle Boos, they cannot offer expert evidence at trial concerning the existence or breach of the standard of care.

Connecticut case law is clear that failure to disclose an expert witness by the Court-mandated deadline in a claim for professional negligence is fatal to the claim.  As such, the plaintiff and the defendants/apportionment plaintiffs cannot establish the standard of

9

**SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW***
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

care applicable to Kaestle Boos or the breach thereof and Kaestle Boos is thus entitled to a judgment as a matter of law.

### III. CONCLUSION

For the reasons stated above, summary judgment should be granted in the defendant/apportionment defendant, Kaestle Boos's, favor on all three Apportionment Complaints and the Seventh Count of the plaintiff's Second Amended Complaint.

DEFENDANT/APPORTIONMENT
DEFENDANT,
KAESTLE BOOS ASSOCIATES, INC.,

By _____
John T. Harris
Federal Bar No. ct04306
Shipman & Goodwin
One Constitution Plaza
Hartford, CT 06103-1919
Phone: (860) 251-5000
Fax: (860) 251-5218
Its Attorneys

CERTIFICATION OF SERVICE

     I hereby certify that a copy of the foregoing Kaestle Boos' Memorandum of Law in Support of its Motion for Summary Judgment as to Apportionment Complaints was mailed via first class U.S. mail, postage prepaid, this 26th day of May, 2005, to:

Timothy W. Donahue, Esq.
Steven M. Barry, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

Peter D. Clark
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

Scott M. Karsten, Esq.
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107

Edward G. Fitzpatrick, Esq.
Fitzpatrick, Mariano & Santos, P.C.
203 Church Street
Naugatuck, CT 06770

David J. Crotta, Jr., Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, CT 06511

Scott D. Camassar, Esq.
Kenneth G. Williams, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-1976

William P. Yelenak, Esq.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue
Suite 207
Cheshire, CT 06410

                                                       _/s/ John T. Harris_____
                                                       John T. Harris

403407 v.01 S2

11

**SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW***
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385