UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARK FOX, ADMINISTRATOR
OF THE ESTATE OF FALAN FOX

    PLAINTIFFS,                        CIVIL ACTION NO. 3:02CV01202(PCD)

VS.

RICKY SMOLICZ, ET AL.

    DEFENDANT                         JUNE 23, 2005

**GUNNOUD CONSTRUCTION COMPANY'S OBJECTION TO THE APPORTIONMENT PLAINTIFFS' UNTIMELY RESPONSE TO GUNNOUD CONSTRUCTION COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 (b) of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules, apportionment defendant Gunnoud Construction ("Gunnoud") hereby objects to the untimely filing of the Objection to Gunnoud's Motion for Summary Judgment filed by apportionment plaintiffs, the Borough of Naugatuck and Dennis Clisham. The apportionment plaintiffs' Objection was filed more than two months after it was due in direct contravention of the Court's Supplemental Order. Moreover, the apportionment plaintiffs have not sought the permission of the Court to file their Objection and have offered no excuse for the untimely filing or a justification why the Court should disregard its own Order. Finally, and most importantly,

Gunnoud is highly prejudiced by the apportionment plaintiffs' late Objection to its summary judgment because they relied on the representation of the apportionment plaintiffs' counsel that no objection would be filed. Therefore, Gunnoud respectfully requests that the Court grant its Motion for Summary Judgment.

Gunnoud reserves its right to file an additional Reply Memorandum of Law should the Court decide to consider the substance of the apportionment plaintiffs' Objection.

## I. BACKGROUND:

On March 18, 2005, Gunnoud served copies of its Motion for Summary Judgment and Memorandum in Support thereof on all counsel of record. At that time, Gunnoud filed a Certificate of Compliance with the Court, indicating that Gunnoud had served its Motion for Summary Judgment on all parties of record in accordance with the Court's Supplemental Order. (#140)

On April 13, 2005, when Gunnoud did not receive an objection or memorandum in opposition within the 21 day period allotted by the Court's Supplemental Order, it filed its Motion for Summary Judgment (#142) along with a Certificate of Compliance, certifying that it had not received any opposition to its Motion and that it was in compliance with the Court's Order. (#145)

On June 20, 2005, before a decision was rendered on the Motion, and more than 2 months

after it was due, the apportionment plaintiffs filed an Objection to the Motion for Summary Judgment.

## II.    DISCUSSION:

The Court should not consider the plaintiffs' untimely Objection. The apportionment plaintiffs' Objection was filed more than two months after it was due in direct contravention of the Court's Supplemental Order. The apportionment plaintiffs have not sought the permission of the Court to file their Objection. They have not offered any excuse for the untimely filing, nor have they offered a justification why the Court should disregard its own Order. Finally, and most importantly, Gunnoud is highly prejudiced by the apportionment plaintiffs' late Objection to its summary judgment. Prior to filing the Objection, counsel for the apportionment plaintiffs indicated he would not be filing any opposition to Gunnoud's Motion for Summary Judgment. In reliance upon counsel's representations, Gunnoud has not disclosed an expert witness. Moreover, if the Court were to permit the apportionment plaintiffs' Objection, Gunnoud would be required to expend additional time and money in responding to the substantive arguments made in the Objection. Such an unjust and inequitable result should not be countenanced by the Court. Orders of the Court are issued for a reason, and all parties that come before the Court should be able to do so with the comfort that court orders will be followed and enforced.

For the foregoing reasons, Gunnoud respectfully requests that the Court grant its Motion

for Summary Judgment and disregard the apportionment plaintiffs' Objection.

DEFENDANT/
APPORTIONMENT DEFENDANT,
GUNNOUD CONSTRUCTION CO., INC.

JAMES D. HINE, II
MULVEY, OLIVER, GOULD & CROTTA
83 TRUMBULL STREET
NEW HAVEN, CT  06511
(203) 624-5111
FED. ID. NO.: CT 25657

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on June 23, 2005, to:

Timothy W. Donahue, Esq.
Steven M. Barry, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

Scott M. Karsten, Esq.
Attorney Nicole D. Dorman
Sack, Spector & Karsten
836 Farmington Avenue
Suite 221
West Hartford, CT 06119-1544

Edward G. Fitzpatrick, Esq.
Fitzpatrick, Mariano & Santos, P.C.
203 Church Street
Naugatuck, CT 06770

Scott D. Camassar, Esq.
Kenneth G. Williams, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-1976

William P. Yelenak, Esq.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue
Suite 207
Cheshire, CT 06410

John T. Harris, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

_____
JAMES D. HINE, II

\\Ntserver\mog\MO&G\Active\Jefferson Ins. Group 005120\Gunnoud v. Fox DJC 2\Pleadings\reply memo of law 6-22-05.wpd