UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARK FOX, ADMINISTRATOR
OF THE ESTATE OF FALAN FOX

    PLAINTIFFS,                          CIVIL ACTION NO. 3:02CV01202(PCD)

VS.

RICKY SMOLICZ, ET AL.

    DEFENDANT                           JULY 21, 2005

### DEFENDANT GUNNOUD CONSTRUCTION COMPANY'S SUBSTANTIVE REPLY TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Borough of Naugatuck and Chief Dennis Clisham's ("Borough") Objection to Gunnoud's Motion for Summary Judgment dated June 20, 2005, should be overruled and Gunnoud's Motion granted for the reasons that: (1) the mechanical interpretation of Section 52-102b of the Connecticut General Statutes urged in the Objection leads to an anomalous result that can be achieved only by failing to apply standard rules of statutory construction, and (2) *Iazetta* is not directly on point as stated, since the respective claims against the Borough and Gunnoud proceed each from wholly different sets of operative facts occurring more than four years apart.[1]

---

[1]     Gunnoud incorporates by express reference its earlier objection to the filing of the

A.  **The Apportionment Plaintiffs' Interpretation of § 52-102b Creates an Anomalous Result and is Premised on a Misapplication of the Standard Rules of Statutory Construction**

Each sentence, clause or phrase of a statute is to be construed as having a purpose behind it. *Pagett v. Westport Precision, Inc.*, 82 Conn. App. 526, 529 (2004). Moreover, it is presumed that, when enacting the statute, the legislature intended a sensible result. *Id.* Therefore, each statute is to be read "in a manner that will not thwart its intended purpose or lead to absurd results. . . . Words in a statute must be given their plain and ordinary meaning . . . unless the context indicates that a different meaning was intended. . . . No words or phrase in a statute is to be rendered mere surplusage." *Id.*

Section 52-102b(a) permits a defendant in any civil action, such as the Borough, to bring an apportionment complaint against any person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages, if served within one hundred twenty days of the return day of the original complaint.[2]

Section 52-102b(b) guarantees that "the apportionment defendant shall have available to

---

Borough's Objection dated June 20, 2005, as untimely. Docket # 158.

[2] Neither the plaintiff, nor the other defendants, have opposed the defendant Gunnoud's motion, and it ought therefore to be granted as to these parties, in any case.

2

him all remedies available to an original defendant including the right to assert defenses, set-offs, or counterclaims against any party." This section of the statute further provides that, "no statute of limitation or repose shall be a defense or bar to such claim for apportionment, except that, if the action against the defendant who instituted the apportionment complaint pursuant to subsection (a) of this section is subject to such defense or bar, the apportionment defendant may plead such defense or bar to any claims brought by the plaintiff directly against the apportionment defendant pursuant to subsection (d) of this section." General Statutes § 52-102b(b).

The action against Gunnoud is clearly barred by the applicable statute of limitations. In essence, Gunnoud is charged with negligence in its oversight of the construction of the jail cell where the plaintiff's decedent committed suicide on July 22, 2000. Connecticut has a two year statute of limitations for causes of action sounding in negligence. Conn. Gen. Stat. §52-584. The Borough does not dispute that Gunnoud completed its contract more than four years prior to Falan Fox's suicide, so that the action against Gunnoud was time-barred before the plaintiff's cause of action even accrued. *See, Kelemen v. Rimrock Corp.*, 207 Conn. 599, 610 (1988) (§ 52-584 may act to bar an action even before cause of action accrues); *Vilcinskas v. Sear, Roebuck and Co.*, 144 Conn. 170, 175 (1956) (statutes of limitation may act to bar an action even before

3

cause of action accrues). "The purpose of statute of limitations include finality, repose and avoidance of stale claims and evidence. . . . Although § 52-102b . . . may be remedial and entitled to liberal construction, such a statute ought not be interpreted so as to render statutes of limitations meaningless." *McQueen v. Sielev Associates*, Superior Court, Judicial District of Putnam, Docket No. 0055418 (November 17, 1997, *Sferrazza, J.*) (unreported cases attached hereto as Exhibit A). Certainly, Section 52-102b(a) ought not to be interpreted as reviving an action that at the time it accrued was already barred by the applicable statute of limitations.

Nevertheless, the Borough suggests that Section 52-102b (a) does resuscitate a claim dead even before the plaintiff's cause of action arose, provided only that the apportionment complaint is served within 120 days of the return day of the original action. This interpretation goes well beyond the intent of Section 52-102b(a); *see*, *McQueen v. Sielev Associates, supra*; and obscures the different character (and time) of the conduct giving rise to the respective causes of action against the Borough, on the one hand, and against Gunnoud, on the other hand. Thus, whereas the allegations against the Borough arise entirely from a breach of police department protocol in the care, custody and supervision of inmates like Fox, and that, in this instance, led directly to Fox's suicide as a result of that breach; the allegations against Gunnoud arise solely from conduct that occurred more than four years before Fox's suicide.

4

Importantly, the plaintiff's cause of action against the Borough came into being at the time of Fox's suicide, whereas, no viable cause of action had lain against Gunnoud for more than a year by the time of Fox's death. To argue under these facts and circumstances that Section 52-102b eviscerates Gunnoud's limitations defense clearly extends the reach of the tolling provision of Section 52-102b too far; *see, McQueen v. Sielev Associates, supra*; leading to the incongruous - - indeed absurd - - result that Gunnoud can be apportioned into any suit for police misconduct arising at the Naugatuck police jail facility similar to that alleged here *for at least as long as the police department building stands*. Any application of Section 52-102b producing that result would constitute an irrational thwarting of the very purpose of a statute of limitations. *See, McQueen v. Sielev Associates, supra*.

Applying standard rules of statutory construction to the question, then, the court must reconcile the allegedly competing provisions of Sections 52-102b(a) and (c) by giving full consideration to the respective allegations against the Borough and Gunnoud - - thereby arriving at a fair application of the entire statute. To do this, the court might look at the issue from the perspective whether the claim against the apportionment plaintiff would have been barred had it been of the same nature as that alleged against the apportionment defendant, *i.e.,* if the plaintiff

5

had sued the Borough for negligent supervision of the construction of the jail in 1996[3] that claim would certainly be time-barred. And so if the Borough then sought apportionment against Gunnoud, Section 52-102(a) would clearly permit Gunnoud to raise a limitations defense. To find that Gunnoud cannot raise the statute of limitations as a complete defense here because of the mere fortuity that the Borough does not have such a defense (because it is charged with negligence of a different kind and that arose at a much later date than Gunnoud's) "thwarts the purposes of the statute of limitations" in a manner not intended by Section 52-102b(a). *See, McQueen v. Sielev Associates, supra*.

Applying the foregoing analysis to the issue, the necessary conclusion is that the claims against Gunnoud are time-barred regardless of the viability of the Borough's defenses.

> **B.**    ***Iazetta* is not Directly on Point as Stated, Since the Respective Claims Against the Borough and Gunnoud Proceed Each From a Wholly Different Set of Operative Facts Occurring More Than Four Years Apart**

In support of its Objection, the Borough cites the case of *Iazzetta v. Clock Tower Mill*, Superior Court, Judicial District of New Britain, Docket No. 0492011 (June 8, 2001, *Swords, J.*).

---

[3] The situation here is not analogous, for instance, to a car accident scenario- -where apportionment of liability is most commonly seen, and where the various parties are typically alleged to have been jointly involved in causing the accident.

*Iazetta* is not "directly on point" but, to the contrary, illustrates the inherent flaw in the Borough's argument. In *Iazetta*, the original and apportionment claims both arose from the parties' negligent maintenance of a swimming pool water heater that allegedly caused the plaintiff carbon monoxide poisoning. Here, the claims against the Borough are for the negligent supervision of Falan Fox while she was in police custody on July 22, 2000; whereas the claim against Gunnoud is based, not on the negligent supervision of Ms. Fox, but on the negligent supervision and oversight of the construction of the police department building in 1996. The apportionment claim against Gunnoud has nothing to do with the failure of the Naugatuck Police Department to follow its own protocol regarding the care, custody and supervision of Ms. Fox.

For the foregoing reasons, the Borough's Objection should be overruled, and the Motion for Summary Judgment of Gunnoud Construction should be granted.

DEFENDANT/
APPORTIONMENT DEFENDANT,
GUNNOUD CONSTRUCTION CO., INC.


BY:_____
DAVID J. CROTTA, JR.
MULVEY, OLIVER, GOULD & CROTTA
83 TRUMBULL STREET
NEW HAVEN, CT  06511
(203) 624-5111
FED. ID. NO.: CT 03235

8

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on July 21, 2005, to:

Timothy W. Donahue, Esq.  
Steven M. Barry, Esq.  
Donahue, Durham & Noonan, P.C.  
741 Boston Post Road  
Guilford, CT 06437

Peter D. Clark, Esq.  
Law Offices of Peter D. Clark  
525 Bridgeport Avenue  
Shelton, CT 06484

Scott M. Karsten, Esq.  
Attorney Nicole D. Dorman  
Sack, Spector & Karsten  
836 Farmington Avenue  
Suite 221  
West Hartford, CT 06119-1544

Edward G. Fitzpatrick, Esq.  
Fitzpatrick, Mariano & Santos, P.C.  
203 Church Street  
Naugatuck, CT 06770

Scott D. Camassar, Esq.  
Kenneth G. Williams, Esq.  
Gordon, Muir & Foley  
Hartford Square North  
10 Columbus Blvd.  
Hartford, CT 06106-1976

William P. Yelenak, Esq.  
Moore, O'Brien, Jacques & Yelenak  
700 West Johnson Avenue  
Suite 207  
Cheshire, CT 06410

John T. Harris, Esq.  
Shipman & Goodwin  
One American Row  
Hartford, CT 06103-2819

_____  
DAVID J. CROTTA, JR.

\\Ntserver\mog\MO&G\Active\Jefferson Ins. Group 005120\Gunnoud v. Fox DJC 2\Pleadings\reply memo of law 7-19-05.wpd