01-CBAR-0647; Iazzetta v. Clock Tower Mill;

**Short Name:** Iazzetta v. Clock Tower Mill

**Long Name:** Concetta Iazzetta v. Clock Tower Mill et al.

**Other Parties:**

**Conn.Sup. Cite:**

**Docket Number:** CV990492011

**As-is Docket Number:** CV 99-0492011

**Other Docket Numbers:**

**As-is Other Docket Numbers:**

**Venue:** Judicial District of New Britain at New Britain

**File Date:** June 8, 2001

**Caption Date:** June 8, 2001

Judges: (with first initial, no space) for Sullivan, Dorsey, and Watson: Swords, J.

**Opinion Title:** *MEMORANDUM OF DECISION RE APPORTIONMENT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

    The plaintiff, Concetta **Iazzetta**, commenced this negligence action on December 11, 1998, by a four-count complaint with a return date of January 5, 1999, against the defendants, Clock Tower Mill Limited Partnership, Dwelling Development Corporation, Konover Residential Corporation and Konover Management Corporation, alleging injuries resulting from carbon monoxide poisoning caused by a swimming pool water heater located in the basement of a building owned, operated, managed, maintained, possessed and/or controlled by the defendants. Pursuant to General Statutes §52-102b, the defendants filed an apportionment complaint against the apportionment defendant, Century Pool Corporation (Century Pool), and the plaintiff thereafter filed an amended complaint, asserting in count five a direct claim against Century Pool.

    On January 26, 2001, Century Pool filed a motion for summary judgment as to the apportionment complaint and count five of the amended complaint, arguing that it is entitled to judgment as a matter of law because the claims against it are time barred under General Statutes §52-584 and cannot be saved by the provisions of §52-102b. Century Pool concedes that the defendants filed the apportionment complaint within 120 days of the return date of the plaintiff's complaint, as required by §52-102b(a), and that the plaintiff's direct claim against it was asserted within 60 days of the return date of the apportionment complaint, as required by §52-102b(d). Century Pool argues, however, that because it is undisputed that it provided no pool related services to the defendants after April 14, 1992, any negligence action arising out of an act or omission on its part expired as of April 14, 1995, long before the filing of the plaintiff's action. Although §52-102b(b) and (d) provide for the bringing, within specified time limits, of an apportionment complaint and a direct claim notwithstanding any statute of limitations, Century Pool argues that these provisions only operate to save claims as to which the

applicable statute of limitations has run between the filing of the plaintiff's original complaint and the filing of an apportionment complaint and/or direct claim. In other words, Century Pool contests the viability of bringing an apportionment complaint and a direct claim against a party as to whom the statute of limitations expired *prior to the filing of the plaintiff's original complaint*.

Century Pool's position finds no support in the express statutory language of §52-102b or in case law interpreting this statute. Subsection (b) explicitly states that "[i]f the apportionment complaint is served within the time period specified in subsection (a) of this section, no statute of limitation or repose shall be a defense or bar to such claim for apportionment, except that, if the action against the defendant who instituted the apportionment complaint pursuant to subsection (a) of this section is subject to such a defense or bar, the apportionment defendant may plead such a defense or bar to any claim brought by the plaintiff directly against the apportionment defendant pursuant to subsection (d) of this section." General Statutes §52-102b(b). This "language does not reflect a concern on the part of the legislature for the underlying statute of limitations of the negligence action." *Stroud v. Pfeffer*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996) (*Ballen, J.*) (16 Conn. L. Rptr. 403, 404); see also *Graham v. NCC Management, Inc.*, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 147870 (August 31, 1999) (*Gill, J.*) (25 Conn. L. Rptr. 353). Century Pool is not claiming that the plaintiff's action against the defendants/apportionment plaintiffs is barred by any statute of limitations but rather that §52-584 bars the claim against it for apportionment. This is precisely the statute of limitations defense that §52-102b(b) prohibits.

Similarly, General Statutes §52-102b(d) provides that the plaintiff may assert a direct claim within 60 days of the return date of the apportionment complaint "[n]otwithstanding any applicable statute of limitation or repose . . ." Despite this broad language, Century Pool suggests that the quoted language should be construed to mean, 'notwithstanding any applicable statute of limitation or repose that may have run since the filing of the plaintiff's original complaint . . ." If, however, the legislature wished to create an exception to the general prohibition against the assertion of a statute of limitations defense in these circumstances, it certainly knew how to do so since it created such an exception in §52-102b(b), namely, for cases in which a plaintiff's action against the defendant/apportionment plaintiff is barred.

Although no appellate authority has been found, the Superior Courts have often held that because §52-102b is the exclusive means by which to add a defendant for apportionment purposes; see General Statutes §52-102b(f); *Eskin v. Castiglia*, 253 Conn. 516, 523-24, 753 A.2d 927 (2000); as long as the time requirements contained in §52-102b(a) and (d) are satisfied, statutes of limitations such as §52-584 are simply inapplicable. See, e.g., *Tine v. Baker*, Superior Court, judicial district of New London at Norwich, Docket No. 116645 (March 27, 2000) (*Hurley, J.*) (27 Conn. L. Rptr. 57, 59) ("§52-584 does not apply to an apportionment complaint"); *Morin v. Cook*, Superior Court, judicial district of Windham at Putnam, Docket No. 58495 (March 5, 1999) (*Sferrazza, J.*) (24 Conn. L. Rptr. 121, 122) (court agrees "that §52-102b controls and that §52-584 is inapplicable"); *Winiarski v. Hall*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566277 (December 19, 1997) (*Wagner, J.*) (21 Conn. L. Rptr. 514, 515) ("§52-102b controls in the present case rather than the general negligence statute of limitations pursuant to §52-584"). These decisions hold that §52-584 may not be used by apportionment plaintiffs to save an untimely filed apportionment complaint based on the reasoning that §52-584 is inapplicable. Given this same reasoning, the court sees no logical reason why §52-584 should then operate to bar a timely filed apportionment complaint.

The court's decision is in keeping with the remedial nature of §52-102b. "Occasionally, a defendant in a negligence case will be in a better position to recognize that the negligence of a third party may have contributed to the plaintiff's harm. The statutory scheme set forth in §52-102b demonstrates legislative recognition of this fact by permitting a defendant to file an apportionment complaint so that the trier-of-fact might consider the activities of a third party in reaching a fair verdict and by providing a

sixty day window of opportunity, beyond the statute of limitations, for a plaintiff to sue that third party once alerted to that party's relationship to its case by virtue of the filing of the apportionment complaint. In this sense, §52-102b(d) is remedial as to the bar otherwise created by §52-584, the statute of limitations applicable to negligence claims." *McQueen v. Siclev Associates*, Superior Court, judicial district of Windham at Putnam, Docket No. 55418 (November 17, 1997) (*Sferrazza, J.*) (20 Conn. L. Rptr. 665).

For the foregoing reasons, Century Pool's motion for summary judgment is denied.

BY THE COURT

PATRICIA A. SWORDS

JUDGE OF THE SUPERIOR COURT

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

98-CBAR-0008; McQueen v. Sielev Associates;

**Short Name:** McQueen v. Sielev Associates

**Long Name:** Marguerite McQueen v. Sielev Associates

Other Parties:

Conn. L. Rptr. Cite: 20 Conn. L. Rptr. 665

Docket Number: CV 97 0055418

As-is Docket Number: CV 97 0055418

Other Docket Numbers:

As-is Other Docket Numbers:

Venue: Superior Court at Putnam

File Date: November 17, 1997

Caption Date:

Judge with first initial, no space for Sullivan, Dorsey, and Walsh): SFERRAZZA

Opinion Title:

The defendants, CREM Lawn Care, Inc., and Commercial Real Estate (CREM) move to dismiss the apportionment complaint filed against them by defendant, Sielev Associates (Sielev) and the complaint filed against them by the plaintiff, Marguerite McQueen. The bases for these motions are the prior pending case doctrine and the expiration of the sixty day period in which a plaintiff may assert claims against an apportionment defendant under G.S. § 52-102b(d).

The chronologies of this case and a related case, McQueen v. Sielev Associates, LLC, Windham J.D., CV96-53799, are pertinent to these motions. On July 8, 1996, the plaintiff filed the writ and complaint in CV96-53799 with a return date of August 13, 1996. That complaint alleged that on February 9, 1995, the plaintiff fell and sustained injuries on property owned by Sielev. On December 12, 1996, Sielev filed an apportionment complaint, with a return date of December 17, 1996, in that action alleging that the movants were responsible for snow and ice removal at the accident site and their negligence in this duty contributed to the plaintiff's injuries. The plaintiff failed to assert any claim with respect to CREM within the sixty days from the return date of the apportionment complaint as allowed by § 52-102b(d).

Sometime thereafter, the plaintiff realized that Sielev was a general partnership rather than a corporation as indicated in the writ and complaint. Instead of moving to correct the erroneous appellation by substituting the partnership for the corporation, the plaintiff commenced a new lawsuit, which is the matter presently before the court. This new action had a return date of March 18, 1997. On May 6, 1997, Sielev once again filed an apportionment complaint against CREM with a return date of June 17, 1997. In this new case, on August 15, 1997, the plaintiff did make a claim against CREM which is contained in an amended complaint with a return date of September 9, 1997.

The allegations of the complaints in both cases are identical except for the change in Sielev's status as a partnership. The allegations of the apportionment complaints against CREM are also identical in both cases.

CREM contends that the apportionment complaint in the newer case should be dismissed because the same allegations are set forth in the earlier case. Also, they contend that the plaintiff is barred by the statute of limitations from making any claim against them in the new case.

I

The court addresses the motion to dismiss the plaintiff's amended complaint first. Section 52-102b(d) states that, despite any statute of limitations, a plaintiff may bring an action against an apportionment defendant within sixty days of the return date of the apportionment complaint.

The parties concur that the ordinary statute of limitations for negligence actions, § 52-584, expired before the plaintiff commenced the new action against CREM. Consequently, the viability of the plaintiff's action against CREM depends on the applicability of § 52-102b(d). The question for the court to decide is whether a plaintiff has multiple sixty day periods under § 52-102b(d) or only one opportunity in which to assert claims against an apportionment defendant. The parties have cited and the court's research discloses no Connecticut case addressing this issue.

The court agrees with CREM that a plaintiff must take advantage of § 52-102b(d) when the situation first presents itself or lose that opportunity to assert claims against an apportionment defendant in later cases.

Occasionally, a defendant in a negligence case will be in a better position to recognize that the negligence of a third party may have contributed to the plaintiff's harm. The statutory scheme set forth in § 52-102b demonstrates legislative recognition of this fact by permitting a defendant to file an apportionment complaint so that the trier-of-fact might consider the activities of a third party in reaching a fair verdict, and by providing a sixty day window of opportunity, beyond the statute of limitations, for a plaintiff to sue that third party once alerted to that party's relationship to its case by virtue of the filing of the apportionment complaint. In this sense, § 52-102b(d) is remedial as to the bar otherwise created by § 52-584, the statute of limitations applicable to negligence claims.

The purpose of statutes of limitations include finality, repose, and avoidance of stale claims and evidence. *Connecticut Bank and Trust Co. v. Winters*, 225 Conn. 146, 165 (1993). Although § 52-102b (d) may be remedial and entitled to liberal construction, such a statute ought not be interpreted so as to render statutes of limitations meaningless. *Pintavalle v. Valkanos*, 216 Conn. 412, 417 (1990); *McNeil v. Riccio*, 45 Conn.App. 466, 473 (1997).

The clear intent of § 52-102b(d) is to provide a plaintiff a relatively short period of time, sixty days, in which to institute an action against a party about whom the plaintiff may have been unaware until the apportionment complaint was filed. Once a plaintiff is alerted to the existence of a potential, additional tortfeasor, the remedial goal of § 52-102b(d) has been achieved. In the present case, the plaintiff was made aware of CREM's possible involvement in the plaintiff's accident when the apportionment complaint was filed in the earlier case. It was incumbent upon the plaintiff to assert any claims against CREM within sixty days of the December 17, 1996, return date. To allow the plaintiff multiple sixty day periods by commencing new but virtually identical actions would thwart the purposes of the statute of limitations.

The court holds that § 52-102b(d) affords a plaintiff but one sixty day opportunity to avoid the bar to suit set forth in the applicable statute of limitations. The motion to dismiss the plaintiff's amended complaint against CREM is granted.

II

Turning to the motion to dismiss the second apportionment complaint, the court notes that at oral argument the parties agreed that only one action ought to go forward and that action should be the later one which correctly characterizes **Sieley** as a partnership rather than a corporation. Therefore, the court orders that the action denoted CV97-55418 be dismissed unless the plaintiff withdraws CV96-53799 within fifteen days of this decision.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.