UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

MARK FOX, Administrator : 
of the ESTATE OF FALAN FOX :
:
VS. :          CIVIL ACTION NO.
:                 302CV01202 (PCD)
RICKY SMOLICZ, Individually and in his :
official capacity, SHELLEY NARDOZZI, :
Individually and in her official capacity; :
DENNIS CLISHAM, Individually and in :
his official capacity; and the BOROUGH :     FEBRUARY 15, 2006
OF NAUGATUCK :

## THIRD AMENDED COMPLAINT

**FIRST COUNT:**    **(Pendent Claim for Negligence of Officers)**

1.    On July 31, 2000, the Probate Court for the District of Naugatuck

appointed the Plaintiff, Mark Fox, as the Administrator of the Estate of Falan Fox,

and he continues to serve in that capacity.  Mark is the father of Falan Fox.

2.    Falan died at the Naugatuck Police Station on July 22, 2000 as the

result of injuries sustained while in the care and custody of the Naugatuck Police

Department.

3.    The Defendant, Sergeant Ricky Smolicz, at all times mentioned

herein was a duly appointed and acting officer of the Police Department of the

Borough of Naugatuck.  He also failed properly to discharge duties as a patrol supervisor and shift supervisor and to monitor a prisoner.

4.     The Defendant, Dispatcher Shelley Nardozzi, at all times mentioned herein was a duly appointed and acting employee of the Borough of Naugatuck.

5.     The Defendant, Dennis Clisham, at all relevant times was the Chief of Police for the Borough of Naugatuck, as Chief of Police remained the maker of municipal policy with respect to law enforcement issues in Naugatuck and held responsibility for supervision, training and performance of the members of the Naugatuck Police Department.  His acts and omissions constituted the official policy of the Borough of Naugatuck with respect to law enforcement matters and such acts and omissions were the acts and omissions of the Defendant, Borough of Naugatuck.

6.     At all times mentioned herein, the Defendants, Dispatcher Shelley Nardozzi, Sergeant Ricky Smolicz, and Chief Dennis Clisham, were acting under the color of law, specifically, under the color and authority of the statutes, ordinances, regulations, policies, customs and usages of the State of Connecticut and/or the Borough of Naugatuck, Connecticut.

7.     The Defendant, Borough of Naugatuck, is a municipality duly incorporated under the laws of the State of Connecticut, having the power to sue

2

and be used and at all times mentioned in this Complaint employed the

Defendants, Sergeant Ricky Smolicz and Chief Dennis Clisham.

8.      At all times relevant, the Defendants were employees and/or

agents of the Borough of Naugatuck and were acting within the scope of

employment and/or agency.

9.      On July 21, 2000, Falan Fox, a 16 year old girl, was arrested in

connection with a robbery. Ms. Fox was transported to Naugatuck Police

department headquarters without incident.

10.     She was the only female prisoner in the cellblock. Each cell is

monitored by a camera relaying images to a bank of three monitors located in the

dispatch area of the local police department. The monitor continuously displayed

the image of Falan Fox in the cell to the dispatcher.

11.     After Falan Fox was placed in the locked cell, she remained a

detainee under the supervision and control of the Defendants including desk

patrol and shift supervisor, Sergeant Ricky Smolicz.

12.     There are three monitors in this area along with one television set,

which was displaying cable television programming throughout Ms. Fox's

detention in the Naugatuck Police department.

13.     The Naugatuck Police Department had a duty to ensure the safety

and well being of Falan Fox while she was in its care and custody.

3

14.    The Naugatuck Police Department Policy and Procedures requires that prisoners and officers shall be continuously monitored by the visual equipment at the front desk by the dispatcher while in the detention facility.

15.    The written policy and procedures and directives also requires that the patrol supervisor also to insure that the prisoner is physically checked every 30 minutes.

16.    On July 22, 2000, the last time Ms. Fox was checked by an officer was approximately 2:30 P.M.

17.    From 3:30 P.M. through 4:30 P.M., Falan Fox was sitting on a bench cell.

18.    At 5:00 P.M. Ms. Fox was laying on a bench in her cell.

19.    At 5:30 P.M. the, defendant, dispatcher, Shelley Nardozzi, recorded that Falan Fox was "standing" near the cell door.

20.    At 6:00 P.M., the defendant, dispatcher, Shelley Nardozzi recorded that Falan Fox was "standing" near the cell door.

21.    At 6:30 P.M. the dispatcher again noticed that Falan Fox was "standing" near that cell door.

22.    At approximately 4:50 P.M. on July 22, 2000 Falan Fox's father, Mark Fox, contacted the Naugatuck Police dispatcher and requested that he and his wife visit with their daughter.

4

23.   The defendant, Sergeant Ricky Smolicz, denied this request to see her and failed to inform Falan Fox that her father made a request to visit with her.

24.   At 6:36 P.M. Falan Fox was discovered dead and hanging in her cell.

25.   Falan Fox was deceased for approximately 1 to 1 ½ hours prior to being discovered by the local police department personnel.

26.   The shift supervisor and patrol supervisor, Sergeant Ricky Smolicz, was found guilty by the Naugatuck Police commission of neglect of duty in that he failed to insure that Ms. Fox was physically checked every (30) thirty minutes as required by the Naugatuck Police Department policy and procedures and Department Order #93-001.

27.   For several hours prior to her death, Falan Fox was heard yelling and screaming incessantly "help me", "somebody help me", "somebody please help me" and other expressions seeking assistance.

28.   Despite these pleas for assistance, no police officer checked on or visited Ms. Fox during this period.

29.   The Defendants subsequently left Falan Fox unattended without any individual supervision and/or failed to keep reasonable watch and surveillance of the cell area through audio and visual monitoring equipment.

5

30.    As described herein, the Defendants acted negligently and
carelessly without regard to the medical and psychological needs, the safety and
well-being of the Plaintiff, in one or more of the following ways:

a.    failing to follow reasonable practices and procedures
established for the care and custody of individuals arrested
by the Naugatuck Police Department;

b.    failing to properly and continuously monitor Falan Fox while
she was in her cell;

c.    failing to physically check and/or ensure that Falan Fox was
physically checked every (30) thirty minutes in violation of
the rules and regulations of the Naugatuck Police
Department and department orders;

d.    failure to properly observe the behavior of Falan Fox;

e.    failing to properly evaluate and/or attend to Falan Fox's
psychiatric needs or suicidal tendency after placing her in a
cell;

f.    failing to properly evaluate and/or attend to Falan Fox's
psychiatric needs or suicidal tendency during the course of
her detention at the Naugatuck Police Department;

g.    failing to take adequate or reasonable protection or to follow
appropriate or reasonable protocol during her detention for
the safety or well-being of Falan Fox when they knew, or
should have known, that she was depressed and suicidal;

h.    failing at all times to obtain adequate medical or
psychological assistance for Falan Fox, during the time of
her detention;

i.      failing to properly and adequately identify the depressed condition of Falan Fox at the time of her arrest and detention and to take reasonable action to prevent her suicide attempt;

j.      failing to notify Falan Fox to move back from the cell door when noticed by the dispatcher in violation of the rules and regulations of the Naugatuck Police Department;

k.      failing to timely remove the socks of Falan Fox which were eventually utilized to effectuate her suicide;

l.      failing to communicate with or assist Falan Fox despite her constant pleas for help in the several hours immediately prior to her death;

m.      failing to permit visitation as requested by her parents at approximately 4:50 p.m. on the date of her death;

n.      failing to inform Falan Fox that her parents had contacted the Police Department and were requesting to visit with her.

31.    As a direct and proximate result of the above-described negligence and carelessness of the individual Defendants, Falan Fox suffered grievous bodily harm, pain and suffering, and loss of her life, all to her loss and damage.

32.    The Defendants, Sergeant Smolicz and Dispatcher Nardozzi had the duty and the opportunity at all times described herein to prevent the death of Falan Fox and to prevent each other from engaging in the negligence and carelessness, but each of these Defendants failed, neglected or refused to perform their duty and thereby proximately caused the injuries and death of the plaintiff.

7

33.    The Defendant, Clisham, as the Chief of Police, had the duty to train and ensure that the officers and employees of the Naugatuck Police Department follow the policy and procedures regarding the safety and well being of prisoners in the custody and care of the Naugatuck Police Department, including Falan Fox, but he failed to do so.

34.    The various actions, omissions and conduct of the individual Defendants named above constitute negligence under the laws of the State of Connecticut and this Court has pendent jurisdiction to hear and adjudicate these claims.

35.    Notice of intent to commence this action was previously given on behalf of the plaintiff pursuant to Section 7-465 of the Connecticut General Statutes, which notice is attached hereto as Exhibit A.

**SECOND COUNT:  (Liability of Borough of Naugatuck under 7-465)**

1-35.  The allegations contained in Paragraphs 1-35 of the Second Count are incorporated and made paragraphs 1-35 of this Third Count as if fully set forth herein.

36.    The Borough of Naugatuck is liable to the Plaintiff for the Defendants' violations of Falan Fox's civil rights and/or negligence pursuant to

8

Connecticut General Statutes Section 7-465, and this Court has pendent

jurisdiction to hear and adjudicate these claims.

37.    Notice of intent to commence this action was previously given on

behalf of the plaintiff pursuant to Section 7-465 of the Connecticut General

Statutes, which notice is attached hereto as Exhibit A.


**THIRD COUNT:**    **(Liability of Borough of Naugatuck under 7-101)**

1-35.   The allegations contained in Paragraphs 1-35 of the Second Count

are incorporated and made Paragraphs 1-35 of the Fourth Count as if fully set

forth herein.

36.    The Borough of Naugatuck is liable to the Plaintiff for the

Defendants' violations of Falan Fox's civil rights and/or negligence pursuant to

Connecticut General Statutes Section 7-101(a) et. seq. and this Court has

pendent jurisdiction to hear and adjudicate these claims.

37.    Notice of intent to commence this action was previously given on

behalf of the Plaintiff pursuant to Section 7-101 of the Connecticut General

Statutes, which notice is attached hereto as Exhibit A.

9

**FOURTH COUNT: (Pendent Claim of Negligence of Borough of Naugatuck)**

1.     The Probate Court for the District of Naugatuck appointed the Plaintiff, Mark Fox, as the Administrator of the Estate of Falan Fox, and he continues to serve in that capacity.  Mark Fox is the father of Falan Fox.  Falan died at the Naugatuck Police Station on July 22, 2000, while in the care and custody of the Naugatuck Police Department.

2.     On July 22, 2000, and for some time prior thereto, the defendant, Borough of Naugatuck, was a municipal corporation that, through its agents and/or employees, operated the Naugatuck Police Department as well as the Naugatuck Police Station.

3.     Falan died at the Naugatuck Police Station on July 22, 2000 as the result of injuries sustained while in the care and custody of the Naugatuck Police Department.

4.     At all times mentioned herein, the defendant, Borough of Naugatuck, its agents, servants and/or employees, were acting under the color of law, specifically under the color and authority of the statutes, ordinances, regulations, policies, customs and usages of the State of Connecticut and/or the Borough of Naugatuck, Connecticut.

5.    On July 21, 2000, Falan Fox, a 16 year old girl, was arrested in connection with a robbery. Ms. Fox was transported to Naugatuck Police department headquarters without incident.

6.    She was the only female prisoner in the cellblock. Each cell is monitored by a camera relaying images to a bank of three monitors located in the dispatch area of the local police department. The monitor continuously displayed the image of Falan Fox in the cell to the dispatcher.

7.    After Falan Fox was placed in the locked cell, she remained a detainee under the supervision and control of the Defendant, Borough of Naugatuck, its agents, servants and/or employees.

8.    There are three monitors in this area along with one television set, which was displaying cable television programming throughout Ms. Fox's detention in the Naugatuck Police department.

9.    The Borough of Naugatuck, its agents, servants and/or employees had a duty to ensure the safety and well-being of Falan Fox while she was in its care and custody.

10.    The Naugatuck Police Department Policy and Procedures requires that prisoners and officers shall be continuously monitored by the visual equipment at the front desk by the dispatcher while in the detention facility.

11

11.    The written policy and procedures and directives also requires that the patrol supervisor also to insure that the prisoner is physically checked every 30 minutes.

12.    On July 22, 2000, the last time Ms. Fox was checked by an officer was approximately 2:30 P.M.

13.    From 3:30 P.M. through 4:30 P.M., Falan Fox was sitting on a bench cell.

14.    At 5:00 P.M. Ms. Fox was laying on a bench in her cell.

15.    At 5:30 P.M. the, defendant, Borough of Naugatuck, its agents, servants and/or employees recorded that Falan Fox was "standing" near the cell door.

16.    At 6:00 P.M., the defendant, Borough of Naugatuck, its agents, servants and/or employees recorded that Falan Fox was "standing" near the cell door.

17.    At 6:30 P.M. the defendant, Borough of Naugatuck, its agents, servants and/or employees again noticed that Falan Fox was "standing" near that cell door.

18.    At approximately 4:50 P.M. on July 22, 2000 Falan Fox's father, Mark Fox, contacted the Naugatuck Police dispatcher and requested that he and his wife visit with their daughter.

19.   The defendant, Borough of Naugatuck, its agents, servants and/or employees denied this request to see her and failed to inform Falan Fox that her father made a request to visit with her.

20.   At 6:36 P.M. Falan Fox was discovered dead and hanging in her cell.

21.   Falan Fox was deceased for approximately 1 to 1 ½ hours prior to being discovered by the local police department personnel.

22.   The injuries, losses, and death of Falan Fox were caused by the negligence of the defendant, Borough of Naugatuck, its agents, servants and/or employees in one or more of the following ways:

    a.   They failed to enforce the policy, practices and/or procedures established for the care and custody of individuals arrested by the Naugatuck Police Department;

    b.   They failed to properly train the officers and employees of the Naugatuck Police Department regarding the safety and well-being of prisoners in the custody and care of the Naugatuck Police Department, including Falan Fox;

    c.   They failed to follow reasonable practices and procedures established for the care and custody of individuals arrested by the Naugatuck Police Department;

    d.   They failed to properly and continuously monitor Falan Fox while she was in her cell;

    e.   They failed to physically check and/or ensure that Falan Fox was physically checked every (30) thirty minutes in violation

13

of the rules and regulations of the Naugatuck Police Department and department orders;

f.    They failed to properly observe the behavior of Falan Fox;

g.    They failed to properly evaluate and/or attend to Falan Fox's psychiatric needs or suicidal tendency after placing her in a cell;

h.    They failed to properly evaluate and/or attend to Falan Fox's psychiatric needs or suicidal tendency during the course of her detention at the Naugatuck Police Department;

i.    They failed to take adequate or reasonable protection or to follow appropriate or reasonable protocol during her detention for the safety or well-being of Falan Fox when they knew, or should have known, that she was depressed and suicidal;

j.    They failed at all times to obtain adequate medical or psychological assistance for Falan Fox, during the time of her detention;

k.    They failed to properly and adequately identify the depressed condition of Falan Fox at the time of her arrest and detention and to take reasonable action to prevent her suicide attempt;

l.    They failed to notify Falan Fox to move back from the cell door when noticed by the dispatcher in violation of the rules and regulations of the Naugatuck Police Department;

m.    They failed to timely remove the socks of Falan Fox which were eventually utilized to effectuate her suicide;

n.    They failed to communicate with or assist Falan Fox despite her constant pleas for help in the several hours immediately prior to her death;

14

o.    They failed to permit visitation as requested by her parents at approximately 4:50 p.m. on the date of her death;

p.    They failed to inform Falan Fox that her parents had contacted the Police Department and were requesting to visit with her.

23.    As a direct and proximate result of the above described negligence and carelessness of the defendant, Borough of Naugatuck, its agents, servants and/or employees, Falan Fox suffered grievous bodily harm, pain and suffering, and loss of her life.

24.    The various actions, omissions and conduct of the individual Defendants named above constitute negligence under the laws of the State of Connecticut and this Court has pendent jurisdiction to hear and adjudicate these claims.

25.    The defendant, Borough of Naugatuck, a political subdivision of the State of Connecticut, is liable for the death of Falan Fox pursuant to Connecticut General Statutes § 52-557n.

WHEREFORE, the Plaintiff claims judgment against the Defendants and each of them jointly and severally and on each count as applicable:

A.   Compensatory damages against each of the Defendants, Ricky Smolicz, Shelley Nardozzi, Dennis Clisham and the Borough of Naugatuck in the amount of Five Million and 00/100 ($5,000,000.00) Dollars;

B.   Such other relief as this Court shall consider to be fair and equitable to protect the rights of the Plaintiff.

Dated at Cheshire, Connecticut this 15th day of February 2006.

PLAINTIFF, MARK FOX,
Administrator of the ESTATE OF
FALAN FOX,

By_____
William P. Yelenak
Federal Bar # 05491
Moore, O'Brien,
Jacques & Yelenak
700 West Johnson Avenue,
Suite 207
Cheshire, CT 06410
Telephone: (203) 272-5881

17

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARK FOX, Administrator<br>of the ESTATE OF FALAN FOX | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. |
| | : | 302CV01202 GLG |
| RICKY SMOLICZ, Individually and in his | : | |
| official capacity, SHELLEY NARDOZZI, | : | |
| Individually and in her official capacity; | : | |
| DENNIS CLISHAM, Individually and in | : | |
| his official capacity; and the BOROUGH | : | FEBRUARY 15, 2006 |
| OF NAUGATUCK | : | |

## CLAIM FOR JURY TRIAL

The Plaintiff respectfully claims a trial by jury in the above captioned case.

PLAINTIFF, MARK FOX,
Administrator of the ESTATE OF
FALAN FOX,

By _____

William P. Yelenak
Fed. Bar #: 05491
Moore, O'Brien,
Jacques & Yelenak
700 West Johnson Avenue,
Suite 207
Cheshire, CT 06410
Telephone: (203) 272-5881

18

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK FOX, Administrator<br>of the ESTATE OF FALAN FOX | : | |
| | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. |
| | : | 302CV01202 GLG |
| RICKY SMOLICZ, Individually and in his | : | |
| official capacity, SHELLEY NARDOZZI, | : | |
| Individually and in her official capacity; | : | |
| DENNIS CLISHAM, Individually and in | : | |
| his official capacity; and the BOROUGH | : | FEBRUARY 15, 2006 |
| OF NAUGATUCK | : | |

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on February 15, 2006 to

Edward G. Fitzpatrick, Esq.,
Fitzpatrick & Mariano
203 Church Street
Naugatuck, Connecticut 06770

Scott Karsten, Esq.
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119-1544

John T. Harris, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

David J. Crotta, Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, CT 06511

Scott D. Camassar, Esq.
Gordon, Muir & Foley
Ten Columbus Blvd.
Hartford, CT 06106-5123

Peter Clark, Esquire
Law Offices of Peter Clark
525 Bridgeport Avenue
Shelton, CT 06484

Steven Barry, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

By_____
William P. Yelenak

19